## HENRY VOGT MACH. CO. v. UNITED STATES.

### No. E–568.

Court of Claims.
April 14, 1930.

Humphreys & Day, of Washington, D. C., for plaintiff.

Herman J. Galloway, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GRAHAM and GREEN, Judges.

GRAHAM, Judge.

This case involves the question whether a certain dividend declared by the plaintiff was a stock or cash dividend. If the for-

mer, it was not subject to the tax imposed; if the latter, it was. The Commissioner of Internal Revenue held it to be a cash dividend and assessed the plaintiff for taxes on that basis. The plaintiff is seeking a recovery of the amount so assessed, upon the ground that the dividend was a stock dividend.

The contention grows out of the following resolution: "Resolved that this corporation do and it hereby does declare a cash dividend of one hundred per cent. (100%) to be paid in stock six (6) and twelve (12) months from date hereof, and to be credited to each of the stockholders in proportion to his holding of stock as of February 3, 1916, the said dividend so declared to bear interest at the rate of four per cent. (4%) per annum from date. This dividend is to be charged to and paid out of the undivided surplus account of the company."

■■■ This is primarily a question of fact and it might have been disposed of by the findings. The burden is on the plaintiff to show that the Commissioner was wrong in concluding that this was a cash dividend. The actual question here is whether plaintiff is entitled to consider a certain dividend declared on February 3, 1916, as a stock dividend in computing its invested capital for the fiscal years which ended August 31, 1918, and August 31, 1919.

On February 1, 1916, the plaintiff had a capitalization of $500,000, divided into 5,000 shares of common stock of $100 each. On February 3, 1916, the stockholders in meeting increased the capital stock by issuing $500,000 six per cent. cumulative preferred stock divided into 5,000 shares of the par value of $100 each, and, at the same meeting, declared a stock dividend of $500,000 which dividend was paid by the issuance of the stock. It will thus be seen that this increase of capital stock was at once disposed of by this stock dividend, leaving the corporation as it was without any stock from which the dividends, in dispute here, could be paid. At the same meeting of the stockholders, at which this first stock dividend just mentioned was declared, the resolution above quoted declaring "a cash dividend of 100% to be paid in stock six and twelve months from date" was adopted. There was no stock at the time from which this last dividend could be paid.

■■■ The plaintiff is contending that the latter dividend was a stock dividend and not a cash dividend, and upon that theory it is seeking to recover taxes paid on the basis

of its being a cash dividend. A brief statement of some of the salient facts seems necessary, but before proceeding to this recitation it is well to say that, while the above resolution stated that this was a cash dividend payable in stock, the resolution itself and its wording are not controlling, if the subsequent action of the company and the parties in interest shows the contrary; or to put it differently, the board of directors cannot convert a cash dividend into a stock dividend by a simple resolution, and, if the resolution does not comport with the facts, the facts must control.

■■■ As stated, when this resolution was passed the authorized stock of the company had been exhausted by the declaration of the stock dividend for $500,000, and there was no stock authorized to be issued to meet this cash dividend payable in stock. This cash dividend, which it is claimed was a stock dividend, was payable at six and twelve months after it was declared and bore interest at the rate of 4 per cent. from the date of declaration, which interest was regularly credited on the books of the company to the respective stockholders according to their allotment of the cash dividend. The proceeds of this dividend were credited to each stockholder according to stock holdings on the books of the company as "borrowed money" and were treated by the company and stockholders as cash to be drawn against at the pleasure of each stockholder. The dividend was charged as a special dividend to "Undivided Surplus" and the contemporaneous entry on the books of the company says nothing of stock, but has this statement: "Dividend to be credited to stockholders as per minutes Feby. 3/16 payable in 6 and 12 mo., int. to be allowed on this div. 4%."

The general cash statement of the company for August 31, 1916, in the stockholders' minute book, stated this dividend as "dividend paid $500,000," and was taken out of undivided profits. And the annual statement of the company for that year, prepared by auditors, has "borrowed money" with the name and account of each stockholder stated. The statement was presented in the stockholders' meeting and entered on the minute book of the corporation as ordered. The dividend was by some of the stockholders immediately withdrawn after issuance and by others later withdrawn in whole or in part from their account as cash. The sum of $500,000 covering this dividend was also charged the same day to the plaintiff's undivided surplus account. When plaintiff made

its tax return the outstanding amounts credited to each of the stockholders were taken credit for as "open account" obligation. Some of the stockholders withdrew the whole amount credited to them and others parts of it.

The principal stockholder in the company was Henry Vogt. A brief glance at his account with the company will be informative. At the time this dividend was declared, February 3, 1916, he had overdrawn his account with the company in the sum of $103,133. He controlled the majority of the stock of the company. Between the issuing of the stock and January 3, 1919, he never had a net credit in his individual account amounting to $415,600, his share of the dividend. It was always kept below that amount.

The plaintiff in its income tax returns which were signed by Henry Vogt as president and G. A. Heuser as treasurer showed "borrowed money" from individuals, with the amount due each stockholder. From the date of the declaration and payment of this dividend, February 3, 1916, until October 30, 1918, no more capital stock could be or was issued or sold. On that date the stockholders in meeting voted to increase the capital stock by $500,000, one-half common and one-half preferred, and on the same day Henry Vogt purchased $240,000 of the stock and Mrs. G. A. Heuser $94,000, they being the only stockholders at the time to whom the company owed any considerable money. There is nothing in the records of the company or its proceedings at this last meeting to indicate or even suggest that this increase of stock which was a part of the $344,000 and which was sold to Vogt and Mrs. Heuser was related in any way to the dividend declared February 3, 1916, and the facts show that it was not.

At the time Vogt bought this last stock he had a credit of $294,386.15 on the books of the company. He used $240,000 of it to pay for this stock and drew out the balance, $54,386.15. Mrs. Heuser did not have sufficient to her credit to pay for her stock of $94,000, but paid for it a few months afterwards.

As stated, the company made its returns for the years 1916, 1917, and 1918, treating this dividend as borrowed money and was assessed on the basis of such returns, and not until March 31, 1923, did it make any claim that this was a stock dividend. It then filed a claim for refund on income and profits taxes paid based upon the claim that this was a stock dividend. The interest paid on this dividend, which was regularly entered on the books to the credit of each stockholder, was on the company's returns regularly deducted as "interest paid."

Without extending this opinion further, we are clearly of the opinion that this was a cash dividend, and, being such, the plaintiff has no grounds upon which to recover. But more than this, the plaintiff has not met the burden of proof and shown satisfactorily that the judgment and action of the Commissioner were erroneous. The petition should be dismissed, and it is so ordered.

WILLIAMS and LITTLETON, Judges, did not hear this case and took no part in the decision thereof.

BOOTH, Chief Justice, and GREEN, Judge, concur.