## IRVING v. UNITED STATES.

### No. J-288.

Court of Claims.
Nov. 3, 1930.

John C. Kramer, of Washington, D. C. (Speer & Woodis, of Washington, D. C., on the brief), for plaintiff.

Charles B. Rugg, Asst. Atty. Gen., and Ralph C. Williamson, of Washington, D. C., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, ·and WILLIAMS, Judges.

LITTLETON, Judge.

The question in this case is whether the dividend of $15,100, representing plaintiff's proportion of an 8 per cent. dividend declared by the Irving Worsted Company on Decem-

ber 30, 1922, was a cash or a stock dividend. We are of opinion upon the facts that it was a stock dividend.

The facts in this case bring it within the principle announced in United States v. Mellon (D. C.) 279 F. 910, affirmed (C. C. A.) 281 F. 645, and United States v. Davison (D. C.) 1 F.(2d) 465.

The Irving Worsted Company did not have sufficient cash or surplus to pay the 8 per cent. dividend to the majority stockholders. Cf. Henry Vogt Machine Company v. United States (Ct. Cl.) 39 F.(2d) 986. It had already borrowed almost to the limit of its credit, and there was a definite binding agreement by the majority stockholders, of which the plaintiff was one, with the corporation through its board of directors that they would receive stock for their proportion of dividend. All of these stockholders made this agreement with the directors before the dividend was declared. Prior to the declaration of the dividend, and in view of this agreement, the stock of the corporation was increased to permit of the payment of the dividend in stock, and it was so paid. The formality of issuing checks, for the payment of which there was no fund, and the indorsement thereof by the plaintiff and the stockholders who were parties to the agreement, did not change the situation. It was never intended that the dividend to these stockholders should be paid in cash, and they could not have enforced such payment. The decision of the United States Board of Tax Appeals in Appeal of Hunt, 5 B. T. A. 356, is not in point. In that case the stockholders merely agreed among themselves that they would take stock and presumably the corporation had sufficient funds with which to pay the cash dividend.

Plaintiff is entitled to recover. Judgment will be entered in his favor for $2,274.03 with interest. It is so ordered.