50 F.3d 16
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gabriel TORQUATO, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-55341.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 21, 1995.*
Decided March 23, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Gabriel Torquato appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion to correct, vacate, or set aside his sentence. Torquato contends that district court erred by rejecting his ineffective assistance of counsel claims without an evidentiary hearing, and by failing to inquire about cause and prejudice for his procedural default. We have jurisdiction under 28 U.S.C. Secs. 1291, 2255. We review de novo the denial of a section 2255 motion, and for an abuse of discretion the denial of an evidentiary hearing. Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994). We affirm.
 
 
 3
 In order to prevail on an ineffective assistance of counsel claim, a defendant must show deficient performance by counsel and prejudice to the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); United States v. Swanson, 943 F.2d 1070, 1073 (9th Cir.1991); see also United States v. Palomba, 31 F.3d 1456, 1460-61 (9th Cir.1994). An evidentiary hearing is required if a defendant's allegations are based on facts outside the record, unless the motion, files, and record conclusively show that the petitioner is entitled to no relief. Doganiere v. United States, 914 F.2d 165, 168 (9th Cir.1990), cert. denied, 499 U.S. 940 (1991); Shah v. United States, 878 F.2d 1156, 1158 (9th Cir.), cert. denied, 493 U.S. 869 (1989).
 
 
 4
 Torquato claimed in his section 2255 motion that his counsel was ineffective for failing to investigate, interview prospective witnesses, present a defense, and prepare Torquato for his trial testimony. Torquato does not identify the evidence that his counsel should have discovered and presented as a defense, or the witnesses that he claims would have given favorable testimony. He also does not indicate what counsel should have done to prepare Torquato for trial. Because vague and conclusory allegations do not warrant an evidentiary hearing, the district court did not err by denying an evidentiary hearing on these claims. See Shah, 878 F.2d at 1161.
 
 
 5
 Torquato also alleged that his counsel was ineffective for failing to file a motion to suppress tape recordings made by a co-conspirator who cooperated with the police. Because the record conclusively shows that Torquato was not in custody and no charges were filed against him at the time of the conversations, no legal basis existed to suppress the recordings. See Kirby v. Illinois, 406 U.S. 682, 688-89 (1972) (Sixth Amendment right to counsel does not attach until initiation of adversarial judicial criminal proceedings); United States v. Gonzales-Sandoval, 894 F.2d 1043, 1046 (9th Cir.1990) (Miranda warnings necessary only if defendant subject to custodial interrogation). Because Torquato's allegations do not show that counsel was ineffective for failing to file a suppression motion, an evidentiary hearing was not necessary. See Swanson, 943 F.2d at 1073; Doganiere, 914 F.2d at 168.
 
 
 6
 Torquato's allegations that counsel failed to object to or challenge various aspects of his trial on legal grounds do not involve allegations of facts outside the record. Accordingly, the district court did not abuse its discretion by denying an evidentiary hearing. See Doganiere, 914 F.2d at 168; Shah, 878 F.2d at 1158.
 
 
 7
 Although Torquato contends that the district court erred by denying the other claims in his petition based on procedural default, the district court alternativley denied those claims on the merits. Torquato does not address the district court's denial of his other claims on the merits, and therefore waives review of those claims. See United States v. Andrade-Larrios, 39 F.2d 986, 988 (9th Cir.1994).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3