943 F.2d 56
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tommy ROGERS, Defendant-Appellant.
 No. 90-16694.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 5, 1991.*
Decided Sept. 10, 1991.
 
 Before CANBY, DAVID R. THOMPSON and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Tommy Rogers, a federal prisoner, appeals pro se the district court's denial of his motion under 28 U.S.C. § 2255. Rogers contends that the district court erred by failing to hold an evidentiary hearing on his claims that he was denied effective assistance of counsel and did not voluntarily plead guilty to bank robbery because he was suffering from gun shot wounds and was under the influence of medication and therefore did not understand the plea proceedings. We affirm.
 
 
 3
 We review de novo the denial of a section 2255 motion, and we review for abuse of discretion the district court's decision not to hold an evidentiary hearing. Donagiere v. United States, 914 F.2d 165, 167 (9th Cir.1990), cert. denied, 111 S.Ct. 1398 (1991). The district court may deny a section 2255 motion without an evidentiary hearing if "the motions and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; Watts v. United States, 841 F.2d 275, 277 (9th Cir.1988) (per curiam).
 
 
 4
 To comport with the guarantees of due process, a guilty plea must be voluntary and intelligent. Boykin v. Alabama, 395 U.S. 238, 242-43 (1969). The accused must be aware of the nature and elements of the charges against him and the possible punishment he faces, and must understand that he is waiving his constitutional rights to avoid compulsory self-incrimination, to confront his accusers, and to a trial by jury. Brady v. United States, 397 U.S. 742, 749 (1970). Statements made in open court at the time of a plea carry a strong presumption of verity. Chizen v. Hunter, 809 F.2d 560, 562 (9th Cir.1986).
 
 
 5
 To establish ineffective assistance of counsel, a movant must establish that his attorney's performance was deficient and that the deficiency prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish that counsel was ineffective during plea proceedings, a movant must show that counsel's advice as to the consequences of the plea was not within the range of competence demanded of criminal attorneys, and that but for counsel's advice, he would not have pleaded guilty. Hill v. Lockhart, 474 U.S. 52, 58 (1985); Donagiere, 914 F.2d at 168.
 
 
 6
 Rogers testified at his plea hearing that he understood the proceedings, had not taken any drugs, medicine, or pills, and had not drunk any alcoholic beverages in the past 24 hours. Both attorneys stated that they believed Rogers was competent, and the district court found him competent to enter a plea.
 
 
 7
 Because Rogers's testimony at the plea hearing was entitled to greater weight than his allegations in his section 2255 motion five years later, the district court did not err by determining that his guilty plea was voluntary. See Chizen, 809 F.2d at 562. Thus, Roger's attorney was not ineffective for failing to prevent him from entering the plea. See Hill 474 U.S. at 58; Donagiere, 914 F.2d at 168. Rogers contends that the district court's denial of his section 2255 motion based on the finding that he was competent was inconsistent with its denial of his earlier motion under Federal Rule of Criminal Procedure 35 based on the finding that he "totally refused to cooperate with the probation office in furnishing them with any information that might influence the Court to impose a more lenient sentence." This contention lacks merit because understanding and cooperation are two different matters.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3