977 F.2d 592
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Angel Raul DIAZ, Defendant-Appellant.
 No. 91-10556.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1992.*
Decided Sept. 28, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Angel Raul Diaz appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. Diaz contends that he was denied effective assistance of counsel on direct appeal because his attorney did not adequately argue that insufficient evidence supported the conviction and failed to raise an equal protection argument. He also contends that he was denied equal protection because he was sentenced more harshly than two coconspirators of a different race. He further contends that the district court should have permitted him to respond to the government's answer to the section 2255 motion, and that the district court was required to explain its reasons for denying the motion. We have jurisdiction under 28 U.S.C. § 2255, and we affirm.
 
 
 3
 We review de novo the district court's denial of a section 2255 motion, and we review for an abuse of discretion the district court's decision not to hold an evidentiary hearing. Donagiere v. United States, 914 F.2d 165, 167 (9th Cir.1990), cert. denied, 111 S.Ct. 1398 (1991). The district court may deny a section 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; Watts v. United States, 841 F.2d 275, 277 (9th Cir.1988) (per curiam).
 
 
 4
 To establish ineffective assistance of counsel, a defendant must establish that counsel's performance was deficient and that the deficiency prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). There is a strong presumption that an attorney's conduct falls within "the wide range of reasonable professional assistance," and an attorney's tactical decisions are essentially unreviewable. Id. at 689-90; United States v. Murray, 751 F.2d 1528, 1535 (9th Cir.), cert. denied, 474 U.S. 979 (1985).
 
 
 5
 Diaz was convicted by jury trial of one count of conspiracy to distribute cocaine and one count of distribution of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. On direct appeal, his attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967) (duties of counsel who has determined that there is no merit to appeal), and argued that the evidence was insufficient to support the conviction because Diaz was " 'merely present' just before the time that a kilo sale of cocaine was attempted." This court affirmed the conviction. United States v. Diaz, No. 89-10576, unpublished memorandum disposition (9th Cir. Feb. 14, 1991).
 
 
 6
 Diaz contends that his attorney was ineffective because in his brief he did not properly highlight the mere presence defense. This contention lacks merit because the brief adequately discussed the defense. Because counsel's performance was not deficient, the district court did not err by denying this ineffective assistance claim without an evidentiary hearing. See Strickland, 466 U.S. at 687.
 
 
 7
 Diaz contends that his attorney was ineffective for failing to argue on direct appeal that Diaz's 121-month sentence violated equal protection because it was disproportionate to the probationary sentences of two white coconspirators. This contention lacks merit because the coconspirators cooperated with the government, and at sentencing Diaz did not make any equal protection objection. Counsel's tactical decision to dispense with the equal protection argument on direct appeal therefore does not establish that his performance was deficient; accordingly, the district court did not err by denying this second ineffective assistance claim without an evidentiary hearing. See Strickland, 466 U.S. at 687.
 
 
 8
 Diaz also contends that he was denied equal protection at sentencing. As we have pointed out, this contention lacks merit.
 
 
 9
 Finally, Diaz contends that the district court's procedures were deficient. He contends that the district court should have permitted him to respond to the government's answer to the section 2255 motion because the motion form did not permit him to develop his arguments sufficiently. No authority supports this proposition. See Rules 2(b) (form of motion), 4(b) (initial consideration of motion) and 5 (answer), Rules Governing Section 2255 Proceedings. He also contends that the district court erred by failing to explain its reasons for denying the section 2255 motion because there is no indication that the district court actually did examine "the motion and the files and records of the case" before denying the motion. See 28 U.S.C. § 2255; Donagiere, 914 F.2d at 167. Again, no Ninth Circuit authority supports this proposition. See 28 U.S.C. § 2255 ("[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall ... make findings of fact and conclusions of law"). As discussed above, the files and records of the case show that Diaz was not entitled to relief under section 2255. Accordingly, Diaz's contentions lack merit.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3