988 F.2d 118
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Victor Iriqua GARCIA, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-15082.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 11, 1993.*
Decided Feb. 24, 1993.
 
 Appeal from the United States District Court for the District of Arizona; No. CV-90-00483-RMB, Richard M. Bilby, Chief Judge, Presiding.
 D.Ariz.
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Victor Iriqua Garcia appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. Garcia argues that the motion should have been granted because his guilty plea was involuntary and he was denied effective assistance of counsel. He further contends that the district court erred by denying him an evidentiary hearing on the ineffective assistance of counsel claim. We hold that Garcia's guilty plea was voluntary, that he had effective assistance of counsel, and that the district court did not abuse its discretion in denying Garcia an evidentiary hearing. Accordingly, we affirm.
 
 
 3
 1. Voluntariness of the Guilty Plea.
 
 
 4
 Garcia argues that his guilty plea was involuntary because he was not told that the Federal Sentencing Reform Act, 18 U.S.C. § 3551-3742 and 28 U.S.C. § 991-998 would apply to him, thus depriving him of an opportunity for parole. The district court determined that because Garcia was represented by counsel and knew that there was no plea agreement, his guilty plea was voluntary and intelligent. "The voluntariness of a guilty plea is a question of law reviewed de novo." United States v. Navarro-Botello, 912 F.2d 318, 320 (9th Cir.1990), cert. denied, 112 S.Ct. 1488 (1992).
 
 We have stated that
 
 5
 [b]ecause a guilty plea results in the waiver of numerous constitutional rights, a voluntary guilty plea requires "real notice of the true nature of the charge." [ Marshall v. Lonberger, 459 U.S. 422, 436 (1983) (citations omitted) ] Therefore, an involuntary plea may result where "the accused does not understand the nature of the constitutional protections that he is waiving, or because he has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt." [ Henderson v. Morgan, 426 U.S. 637, 645 n. 13 (1976) (citations omitted) ]
 
 
 6
 Navarro-Botello, 912 F.2d at 320.
 
 
 7
 A court's failure to inform a defendant who pleads guilty that the sentencing guidelines apply and that he is ineligible for parole does not nullify a guilty plea. In United States v. Ramos, 923 F.2d 1346 (9th Cir.1991), we held that a guilty plea cannot be considered uninformed or unintelligent "on the ground that the plea was made without knowledge that the federal sentencing guidelines would apply and that [the defendant] would be ineligible for parole." Id. at 1357-58; see also Doganiere v. United States, 914 F.2d 165, 167 (9th Cir.1990), cert. denied, 111 S.Ct. 1398 (1991). Garcia's alleged lack of knowledge that parole would not be available, therefore, did not render his guilty plea involuntary.
 
 
 8
 2. Ineffective Assistance of Counsel.
 
 
 9
 Garcia argues that his counsel ineffectively assisted him by allegedly not notifying him that he would be ineligible for parole were he to plead guilty. "We review challenges to guilty pleas based on claims of ineffective assistance of counsel using the two-part test announced in [ Strickland v. Washington, 466 U.S. 668 (1984) ]. Under this test, a criminal defendant must show that his counsel's performance was deficient, and that this deficient performance prejudiced his defense." Doganiere, 914 F.2d at 168 (citations omitted).
 
 
 10
 Assuming arguendo that Garcia's counsel was deficient in failing to inform him of the parole consequences of his guilty plea, we hold that Garcia's defense was not prejudiced. See Id. ("Even if his attorney's performance was deficient in [failing to inform him of the parole consequences of his guilty plea], [Defendant-Appellant's] defense was not prejudiced."). "To show prejudice, [Garcia] must show that 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' " Id. (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). The record belies Garcia's claim that he would not have plead guilty had he known that he was ineligible for parole. At the sentencing hearing on April 21, 1989 [ER B-15], the court made clear that Garcia had no plea agreement with the government because he initially failed to appear for sentencing and that he could withdraw his guilty plea if he so desired. The court explained that, as a result, Garcia could be sentenced to as many as forty years imprisonment and that it made no promises as to what Garcia's sentence would be. Given that Garcia was willing to plead guilty despite the possibility of a forty year sentence, we are dubious that his alleged ignorance of parole ineligibility prejudicially induced him to plea guilty to a crime for which he was sentenced to five years incarceration with four years of supervised release. Garcia "does not assert any special circumstances that might support the conclusion that he placed particular emphasis on his parole eligibility in deciding whether or not to plead guilty." Doganiere, 914 F.2d at 168.
 
 
 11
 3. Denial of Evidentiary Hearing.
 
 
 12
 Finally, Garcia claims that the district court should have granted an evidentiary hearing to explore the nature and extent of the communications between Garcia and his trial attorney for purposes of analyzing the ineffective assistance of counsel claim. "We review for an abuse of discretion the court's decision not to hold such an evidentiary hearing." Id. at 168.
 
 
 13
 "When a defendant's allegations of an invalid plea are based on facts outside of the record, an evidentiary hearing is required." Id. We find, however, that the district court had sufficient information in the record to evaluate Garcia's claim of ineffective assistance of counsel. Based on the record alone, the court could determine, as we have, that Garcia would not have withdrawn his guilty plea had he known about his parole ineligibility. Thus the district court did not abuse its discretion in refusing to hold an evidentiary hearing.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed.R.App.P. 34(a), and Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3