995 F.2d 231
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Erwin GONZALEZ, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-56297.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 12, 1993.*
Decided May 26, 1993.
 
 Before: HUG, WIGGINS, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Erwin Gonzalez, a federal prisoner, appeals pro se the denial of his 28 U.S.C. § 2255 motion to vacate his sentence imposed following his guilty plea to conspiracy to possess with intent to distribute and distribute cocaine, in violation of 21 U.S.C. § 846. Gonzalez contends that there was not a factual basis for his plea because there was no evidence of his agreement with his codefendants, and that his plea was involuntary because the district court did not inform him that he was subject to a term of supervised release before accepting the plea. He also contends that the district court erred by failing to hold an evidentiary hearing and make findings of fact and conclusions of law in denying his section 2255 motion. We have jurisdiction under 28 U.S.C. § 2255. We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and affirm.
 
 
 3
 First, Gonzalez contends that there was not a factual basis for his plea. This contention lacks merit.
 
 
 4
 The district court must satisfy itself that there is a factual basis for a guilty plea. Fed.R.Crim.P. 11(f); United States v. Rivera-Ramirez, 715 F.2d 453, 457 (9th Cir.1983) ("it must be established on the record that there is sufficient evidence to support the conclusion that the defendant is guilty"), cert. denied, 467 U.S. 1215 (1984). The elements of conspiracy are "1) an agreement to accomplish an illegal purpose, 2) coupled with one or more acts in furtherance of the illegal purpose, and 3) the requisite intent necessary to commit the underlying substantive offense." United States v. Pemberton, 853 F.2d 730, 733 (9th Cir.1988) (per curiam). The agreement may be inferred from circumstantial evidence. United States v. Becker, 720 F.2d 1033, 1035 (9th Cir.1983). Moreover, once a conspiracy is established, evidence of the defendant's connection with the conspiracy is enough to convict him of knowing participation in it. Id.
 
 
 5
 At the plea hearing, Gonzalez testified that his criminal acts were as follows: "I went to [codefendant] William Arias' house eight days before the arrest. And two days before the arrest, the cocaine arrived and I participated in it because I put it in the car. I put it in the back of the car when he left and when he went to deliver it the 9th of February." He also testified that he knew the packages he loaded contained cocaine. Gonzalez contends that these facts did not establish his participation in the conspiracy because there was no evidence of payment or an agreement to pay him for delivering the cocaine. This contention lacks merit because the relevant agreement is an agreement to accomplish the delivery of cocaine. See Pemberton, 853 F.2d at 733.
 
 
 6
 Moreover, Gonzalez also testified at the plea hearing that the factual statement attached to his plea agreement was accurate. According to this factual statement, Arias rented a house where cocaine was kept. He and Gonzalez packaged and guarded the cocaine and loaded it into vehicles for delivery to buyers. Gonzalez was to be paid for his assistance. On February 9, 1989, Arias and Gonzalez loaded twenty kilograms of cocaine into a car, and Arias drove it to a parking lot, where it was picked up by codefendants Fernando and Gabriel Andrade.
 
 
 7
 These facts established all of the elements of conspiracy. Gonzalez's participation in the guarding, packaging, and loading of cocaine and the promise to pay him established his agreement with his codefendants to accomplish the illegal purpose of delivery of cocaine. See id.; Becker, 720 F.2d at 1035. The loading of the car on February 9 was one of the overt acts. See Pemberton, 853 F.2d at 733. Accordingly, the district court did not err by denying Gonzalez's claim that there was not a factual basis for the plea. See Fed.R.Crim.P. 11(f); Rivera-Ramirez, 715 F.2d at 457.
 
 
 8
 Second, Gonzalez contends that his plea was involuntary because the district court did not inform him that he was subject to a term of supervised release before accepting the plea. Gonzalez did not raise this issue in his section 2255 motion in the district court, and we decline to consider it for the first time on appeal. See Willard v. California, 812 F.2d 461, 465 (9th Cir.1987).
 
 
 9
 Finally, Gonzalez contends that the district court erred by failing to hold an evidentiary hearing and make findings of fact and conclusions of law in denying his section 2255 motion. This contention lacks merit.
 
 Section 2255 provides as follows:
 
 10
 Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.
 
 
 11
 28 U.S.C. § 2255. We review the district court's decision whether to hold an evidentiary hearing for an abuse of discretion. Doganiere v. United States, 914 F.2d 165, 167 (9th Cir.1990), cert. denied, 111 S.Ct. 1398 (1991).
 
 
 12
 As discussed above, the record conclusively showed that Gonzalez was not entitled to relief on his claim regarding the factual basis for his plea. Accordingly, the district court did not abuse its discretion by failing to hold an evidentiary hearing and by denying the section 2255 motion in a brief minute order. See id.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied. Appellant's motion for appointment of counsel also is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3