**Michael G. DOGANIERE, Petitioner–Appellant,**

**v.**

**UNITED STATES of America, Respondent–Appellee.**

**No. 89–55714.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 6, 1990 *.

Decided Sept. 7, 1990.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Michael G. Doganiere, Sheridan, Or., pro se.

Michael W. Fitzgerald, Asst. U.S. Atty., Los Angeles, Cal., for respondent-appellee.

Before POOLE, HALL and THOMPSON, Circuit Judges.

DAVID R. THOMPSON, Circuit Judge:

Michael Doganiere, a federal prisoner, appeals *pro se* the district court's denial of

his 28 U.S.C. § 2255 motion to vacate his sentence and to modify his presentence investigation report. Doganiere also challenges the district court's failure to hold an evidentiary hearing on his motion, and further claims he was prejudiced by the court's delay in deciding his motion. We have jurisdiction under 28 U.S.C. §§ 2255 and 1291.

## FACTS

On March 28, 1983, Doganiere pleaded guilty to two counts of bank robbery. The district court sentenced Doganiere to fifteen years on one count and a subsequent term of probation on the other count. The court dismissed three counts involving additional bank robberies. Doganiere was sent to a federal prison in Washington. The United States Parole Commission later denied Doganiere's parole request. The Parole Commission based its decision in part on the three dismissed counts of bank robbery which were disclosed by the presentence report, but which Doganiere controverted. The district court had determined it would not rely upon these three counts in sentencing Doganiere, but it did not append this finding to the presentence report which was sent to the Bureau of Prisons.

## DISCUSSION

■ We review the district court's denial of Doganiere's section 2255 motion de novo. *United States v. Popoola*, 881 F.2d 811, 812 (9th Cir.1989) (per curiam). We review for clear error any factual findings the district court made in deciding the motion. *United States v. Arellanes*, 767 F.2d 1353, 1357 (9th Cir.1985).

### A. *Motion to Vacate Sentence*

Doganiere based his section 2255 motion to vacate his sentence on three contentions: (1) that his guilty plea was involuntary; (2) that police obtained lineup identifications of him in an unconstitutional manner; and (3) that he was denied the effective assistance of counsel prior to his plea. The district court rejected these contentions in denying the motion, and Doganiere renews them on appeal.

### 1. *Parole Consequences of a Guilty Plea*

■ Doganiere contends that his guilty plea was involuntary because the district court did not advise him of the parole consequences of his plea. "Before accepting a plea of guilty ... the court must ... determine that the defendant understands ... the effect of any special parole ... term." Fed.R.Crim.P. 11(c)(1). We have held, however, "that Rule 11 does not require the trial court to notify a defendant of parole eligibility before accepting his guilty plea." *United States v. Sanclemente–Bejarano*, 861 F.2d 206, 209 (9th Cir.1988) (per curiam). The district court did not err in rejecting this contention.

### 2. *Lineup Identifications*

■ Doganiere next contends that lineup identifications of him by bank tellers who witnessed the bank robberies were obtained unconstitutionally because he was deprived of counsel at the lineup and because the lineup was overly suggestive. Doganiere did not object to this evidence in a pretrial suppression motion, as Fed.R. Crim.P. 12(b)(3) requires. Therefore, he waived his right to challenge the identifications absent a showing of "cause" and "prejudice." *See Davis v. United States*, 411 U.S. 233, 242–45, 93 S.Ct. 1577, 1582–84, 36 L.Ed.2d 216 (1973); *United States v. Restrepo–Rua*, 815 F.2d 1327, 1329 (9th Cir.1987) (per curiam). Doganiere attempts to show "cause" for failing to move for suppression of the identifications by claiming ineffective assistance of counsel. We reject this claim below. We also reject below Doganiere's claim of "prejudice." We conclude, therefore, that the district court did not err in rejecting Doganiere's challenge to his lineup identifications.

### 3. *Ineffective Assistance of Counsel*

Doganiere contends that he was denied effective assistance of counsel prior to his plea because his counsel gave him erroneous advice and failed to object to the lineup

**168**

identifications. We review challenges to guilty pleas based on claims of ineffective assistance of counsel using the two-part test announced in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). Under this test, a criminal defendant must show that his counsel's performance was deficient, and that this deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064.

■ Doganiere first contends that his attorney failed to inform him of the parole consequences of his guilty plea. Even if his attorney's performance was deficient in this respect, Doganiere's defense was not prejudiced. To show prejudice, Doganiere must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59, 106 S.Ct. at 370. Doganiere does not allege that had his attorney informed him of the parole consequences of his guilty plea, he would have pleaded not guilty and insisted on going to trial. *See id.* at 60, 106 S.Ct. at 371. Also, Doganiere does not assert any special circumstances that might support the conclusion that he placed particular emphasis on his parole eligibility in deciding whether or not to plead guilty. *See id.*

■ Doganiere next argues he received ineffective assistance of counsel because his attorney told him he would receive a sentence of not more than twelve years imprisonment if he pleaded guilty. The district court sentenced Doganiere to fifteen years imprisonment, with a subsequent twenty year term of probation. Doganiere's attorney's inaccurate prediction of what sentence Doganiere would receive upon pleading guilty does not rise to the level of a gross mischaracterization of the likely outcome of his case, and thus does not constitute ineffective assistance of counsel. *See Iaea v. Sunn*, 800 F.2d 861, 865 (9th Cir.1986). Further, Doganiere suffered no prejudice from his attorney's prediction because, prior to accepting his guilty plea, the court explained that the discretion as to what the sentence would be remained entirely with the court.

■ Finally, Doganiere contends that his attorney's failure to challenge the lineup identifications in a suppression motion constitutes ineffective assistance. The district court concluded that the attorney's decision not to challenge the identifications was a litigation tactic, and did not fall below an objective standard of reasonableness, *see Strickland*, 466 U.S. at 687–88, 104 S.Ct. at 2064, nor did it prejudice his defense. We agree that Doganiere suffered no prejudice by his attorney's failure to move to suppress the lineup identifications. Even if Doganiere's attorney had challenged these identifications and the court had suppressed them, there remained ample other evidence, including bank surveillance photographs of Doganiere, that linked him to the robberies. The district court did not err in rejecting Doganiere's claim of ineffective assistance of counsel.

## B. *Evidentiary Hearing*

■ Doganiere challenges the district court's failure to hold an evidentiary hearing before denying his motion under 28 U.S.C. § 2255. We review for an abuse of discretion the court's decision not to hold such an evidentiary hearing. *Watts v. United States*, 841 F.2d 275, 277 (9th Cir. 1988) (per curiam). When a defendant's allegations of an invalid plea are based on facts outside of the record, an evidentiary hearing is required. *United States v. Espinoza*, 866 F.2d 1067, 1069 (9th Cir.1988). In deciding Doganiere's section 2255 motion, the court had before it a transcript of the plea hearing and the documentary record in the case. Doganiere's allegations are not based on facts outside of this record. Thus, the court was able to evaluate his claims on the basis of a conclusive record. *See Shah v. United States*, 878 F.2d 1156, 1160 (9th Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 195, 107 L.Ed.2d 149 (1989). The district court did not abuse its discretion in failing to hold an evidentiary hearing.

## C. *Delay in the Proceedings*

██ Doganiere contends that the government delayed consideration of his section 2255 motion by making excessive requests for more time to supplement its answer. Doganiere first filed his motion on June 28, 1988. He later raised new issues in a September 9, 1988 filing. A magistrate assigned to the case ordered the government to file a supplemental answer addressing the new issues. The government filed its supplemental answer on October 12, 1988, but indicated that it needed more time to secure a transcript of Doganiere's plea hearing. The district court allowed the government until December 19, 1988 to file a second supplemental answer and a transcript of the plea hearing.

Rule 5(b) governing section 2255 motions specifies that the court shall allow the government an appropriate period of time in which to supplement its answer with any transcripts or briefs to which the answer refers without unduly delaying consideration of the motion. We conclude that the time the court allowed the government to file its two supplemental answers and a transcript of Doganiere's plea hearing was not inappropriate and did not unduly delay consideration of his motion.

## D. *Motion to Modify the Presentence Report*

██ It is undisputed that in sentencing Doganiere the district court did not take into consideration the three dismissed bank robberies which were set forth in the presentence report but which Doganiere controverted. The district court announced its finding to this effect during Doganiere's sentencing hearing. The district court failed, however, to attach to the presentence report a written finding that it did not take the controverted matters into account. Nor did it attach to the presentence report a transcript of the sentencing hearing. This violated Fed.R.Crim.P. 32(c)(3)(D). Without the required written findings or transcript of the sentencing hearing, the Parole Commission had before it only the presentence report which included the controverted robberies which the district court had found it would not consider.

"Strict compliance with Rule 32(c)(3)(D) is required, and failure to comply will result in remand." *United States v. Edwards,* 800 F.2d 878, 881 (9th Cir.1986); *see also United States v. Fernandez–Angulo,* 897 F.2d 1514, 1516 (9th Cir.1990). Under the circumstances of this case, however, remand would serve no useful purpose. Here, the fault is not that the district court failed to make the required findings as to the controverted matters. The fault lies in the failure of the district court to attach to the presentence report that which Rule 32(c)(3)(D) specifically requires be attached. *Fernandez–Angulo,* 897 F.2d at 1517. Rule 32(c)(3)(D) does not require the district court to resentence Doganiere for such a "ministerial error." *Id.* The solution is to order the district court to send a new copy of the presentence report to the Bureau of Prisons with the proper attachment.

██ The government argues we should not do this because Doganiere has brought a motion under 28 U.S.C. § 2255. The government contends the district court's oversight is essentially a clerical error which should be corrected pursuant to a motion brought under Rule 36. The government may be correct that a Rule 36 motion is the proper procedure to correct an error such as this. *See United States v. Knockum,* 881 F.2d 730, 732 (9th Cir.1989). But, given the showing made by Doganiere, his section 2255 motion can be construed as including a motion for relief under Rule 36. So construing the motion, we order the district court to comply with Rule 32(c)(3)(D) and send the Bureau of Prisons a new presentence report with the proper attachment.

██ Doganiere also sought to challenge, in his section 2255 motion, the Parole Commission's decision in setting his term of parole. As the district court pointed out, however, a section 2255 motion can test only the propriety of the sentence imposed, not the manner of its execution. *See United States v. Giddings,* 740 F.2d 770, 772 (9th Cir.1984). The proper way to

seek review of the Parole Commission's decision is by a petition for a writ of habeas corpus under 28 U.S.C. § 2241, addressed to the district court having jurisdiction over Doganiere or his custodian. *See id.*

It may be unnecessary, however, for Doganiere to challenge the Parole Commission's ultimate decision. We anticipate that when the Parole Commission receives the new presentence report with the proper attachment, it will hold another parole hearing; and it may come to a different parole determination. If the Parole Commission fails to hold a new hearing, or if Doganiere wants to challenge the Commission's parole decision made as a result of the new hearing, then he may do so through a habeas corpus petition.

## CONCLUSION

The district court is ordered to forward to the Bureau of Prisons another copy of Doganiere's presentence report, and this time to attach to the report that portion of the sentencing transcript, or the district court's written findings, which reflects the district court's determination that it did not rely upon the three controverted bank robberies in sentencing Doganiere. As thus modified, the district court's denial of Doganiere's motion under 28 U.S.C. § 2255 is AFFIRMED.