983 F.2d 1067
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Frank JOHNSON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-1707.
 United States Court of Appeals, Sixth Circuit.
 Dec. 22, 1992.
 
 Before RALPH B. GUY, JR. and ALAN E NORRIS, Circuit Judges, and JOAN N. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 Frank Johnson, a federal prisoner represented by counsel, appeals a district court judgment dismissing his motion to vacate, set aside or correct sentence filed under 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Following a jury trial, Johnson was found guilty on charges of conspiracy to possess and distribute cocaine, and aiding and abetting the possession of cocaine with intent to distribute. He was sentenced to 168 months of imprisonment, followed by five years of supervised release. This court affirmed Johnson's conviction and sentence on direct appeal.
 
 
 3
 While his direct appeal was pending before this court, Johnson filed a motion for a new trial in the district court, alleging the same ineffective assistance of counsel claims that are the subject of the § 2255 motion under review in this case. After conducting an evidentiary hearing, the district court denied his motion.
 
 
 4
 Thereafter, Johnson filed his § 2255 motion raising the same ineffective assistance of counsel claims. Essentially, Johnson alleged that his trial counsel erroneously advised him not to testify at his trial because his testimony would incriminate his co-defendants. He also alleged that his counsel improperly portrayed Johnson as a drug addict, liar and thief to the jury, and informed them of his past criminal history and incarceration. On May 19, 1992, Judge Taylor summarily denied Johnson's § 2255 motion.
 
 
 5
 On appeal, Johnson continues to argue the merits of his ineffective assistance of counsel claims. Johnson has filed a motion for the appointment of counsel. Both parties have filed briefs.
 
 
 6
 Upon review, we conclude that the district court did not abuse its discretion in summarily denying Johnson's § 2255 motion. See Doganiere v. United States, 914 F.2d 165, 167-68 (9th Cir.1990), cert. denied, 111 S.Ct. 1398 (1991). The petitioner has failed to show that trial counsel's performance was deficient and that the deficient performance prejudiced his defense so as to render the trial unfair and the result unreliable. Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 7
 Accordingly, Johnson's motion for the appointment of counsel is granted to allow his attorney to be paid and reimbursed for his expenses under the Criminal Justice Act, 18 U.S.C. § 3006A. The judgment of the district court denying Johnson's § 2255 motion is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.