999 F.2d 546
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Andre WILLIAMSON, Petitioner-Appellant,
v.
R.H. RISON, Warden, Respondent-Appellee.
 No. 89-56002.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 25, 1993.*
Decided July 9, 1993.
 
 Before CANBY, FERNANDEZ and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Andre Williamson, a federal prisoner, appeals pro se the denial of his Fed.R.Civ.P. 60(b) motion for reconsideration of the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. We review the denial of a § 2255 motion de novo, Doganiere v. United States, 914 F.2d 165, 167 (9th Cir.1990), cert. denied, 111 S.Ct. 1398 (1991), and the denial of a Rule 60(b) motion for an abuse of discretion, Floyd v. Laws, 929 F.2d 1390, 1400 (9th Cir.1991). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 A district court may dismiss a habeas petition, without a hearing, on the basis of a prior adjudication only if: "(1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application." Sanders v. United States, 373 U.S. 1, 15 (1963); see also 28 U.S.C. § 2244(b); Rule 9(b), 28 U.S.C. foll. § 2254. The burden of proof is on the petitioner to establish that the ends of justice would be served by relitigation of the claims previously decided against him. Sanders, 373 U.S. at 17. To meet this burden, the petitioner must supplement his constitutional claim with a colorable showing of factual innocence. Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986) (plurality opinion).
 
 
 4
 Here, the district court denied Williamson's motion for reconsideration pursuant to Rule 60(b)(4) and 60(b)(6).[1] The district court denied the motion for reconsideration because it raised the same grounds asserted in Williamson's prior § 2255 motions. Williamson's Opening Brief raises the same issues raised in his second § 2255 motion, which the district court denied, and this court affirmed. See Williamson v. Rison, unpublished memorandum disposition, No. 89-56003 (9th Cir. Oct. 10, 1990). Williamson has not supplemented his constitutional claim with a colorable showing of factual innocence. See Kuhlmann, 477 U.S. at 454. Hence, he has not carried his burden of establishing that the ends of justice would be served by relitigation of the claims previously decided against him. See Sanders, 373 U.S. at 17. Thus, the district court did not err by denying Williamson's successive § 2255 motion, or his Rule 60(b) motion.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Rule 60(b)(4) permits a district court to relieve a party from final judgment if the judgment is void. Rule 60(b)(6) permits the district court to relieve a party from judgment for "any other reason justifying relief." See Fed.R.Civ.P. 60(b)