13 F.3d 404
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 George W. CHESTER, Petitioner-Appellant,
v.
Bobby BOONE, and Attorney General of the State of Oklahoma,
Respondents-Appellees.
 No. 93-5059.
 United States Court of Appeals, Tenth Circuit.
 Dec. 20, 1993.
 
 1
 Before TACHA and KELLY, Circuit Judges, and BROWN,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Petitioner George W. Chester appeals the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. We have jurisdiction under 28 U.S.C. 1291, and we affirm.
 
 
 4
 Mr. Chester pleaded guilty to shooting with intent to kill, feloniously pointing a weapon, and carrying a firearm into a liquor establishment. He was sentenced by the state trial court to twenty-five years imprisonment. Shortly after being sentenced, Mr. Chester moved to withdraw his guilty plea, alleging that a legal intern, working under the supervision of his court-appointed counsel, had told him before he entered the plea that because he had no prior felonies there was an eighty-five percent chance that he would receive probation rather than the twenty-five year sentence. After appointing new counsel and holding a hearing, the trial court denied the motion to withdraw the plea. Mr. Chester's pursuit of state court remedies was unsuccessful.
 
 
 5
 Mr. Chester's primary contention in his habeas petition is that his guilty plea was not entered knowingly and voluntarily and was the result of ignorance and misunderstanding. This claim is based on the allegation that the intern assisting Mr. Chester predicted that he would receive probation. Mr. Chester further alleges that he received ineffective assistance of counsel. He also contends that his conviction for carrying a weapon into a liquor establishment violated double jeopardy because that offense was also included in his other two convictions, that the court failed to make a competency determination before taking his plea, and that the court failed to determine if a factual basis existed for accepting his guilty plea.
 
 
 6
 I. Effective Assistance of Counsel and Whether the Plea Was Voluntary.
 
 
 7
 We review a challenge to a guilty plea based on a claim of ineffective assistance of counsel using the two-part test announced in Strickland v. Washington, 466 U.S. 668, 104 S.Ct.2052, 80 L.Ed.2d 674 (1984). See Hill v. Lockhart, 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Under this test, the defendant must show that his counsel's performance "fell below an objective standard of reasonableness," and that the deficient performance resulted in prejudice. Strickland, 466 U.S. at 688, 691. To show prejudice in the context of a guilty plea, the defendant must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and [would have] insisted on going to trial." Hill, 474 U.S. at 59.
 
 
 8
 As an initial matter, we note the general rule that an inaccurate prediction of a defendant's sentence, standing alone, does not constitute a constitutionally deficient performance rising to the level of ineffective assistance of counsel. United States v. Gordon, 4 F.3d 1567, 1570 (10th Cir.1993). Even assuming that counsel's performance was deficient in this case, however, Mr. Chester has failed to establish that he suffered prejudice from counsel's alleged prediction. Prior to accepting his plea, the state trial court informed Mr. Chester of the constitutional rights he possessed and the nature of the charges against him. Transcript of Plea Proceeding at 3-6. Mr. Chester advised the court that he understood these rights and that he was giving them up by pleading guilty. Id. In response to questions from the court concerning the elements of the offenses, Mr. Chester admitted that he had shot the victim on the day in question with the intent to kill her. Id. at 5. As to the sentence to be imposed, the court indicated to Mr. Chester that he could receive a maximum sentence of twenty-five years on the charge of shooting with intent to kill. Id. at 7. The court explained that a presentence report was going to be obtained to determine whether he would serve all of that time in prison or whether it would be split, with some time in prison and some time out. Id. at 8. Mr. Chester stated that he understood these matters. Id. at 7-8. The trial court specifically told Mr. Chester that he would not receive total probation in this case. Id. at 8. Mr. Chester indicated that he understood. Id. The trial judge said that the basic issue he would decide was whether or not to split the time on the twenty-five years. Id. The judge also told Mr. Chester that based on the nature of the charges the Department of Corrections would probably recommend that Mr. Chester serve the time, though the judge noted that he did not have to follow "any recommendation they make, either way[.]" Id. at 9. Mr. Chester indicated that he understood these matters and still wished to plead guilty. Id. at 8-9. He indicated that no other promises of any kind had been made to get him to plead guilty. Id. at 8. Mr. Chester also indicated he was satisfied with the legal representation he had received. Id. at 8-9.
 
 
 9
 The state trial court's full explanation of the sentencing possibilities in this case precludes any claim that Mr. Chester suffered prejudice from the intern's alleged prediction of probation. See Doganiere v. United States, 914 F.2d 165, 168 (10th Cir.1990), cert. denied, 499 U.S. 940 (1991). Clearly, Mr. Chester understood that the court alone had the authority to make the sentencing determination. Mr. Chester also understood that there was a possibility of a twenty-five year prison sentence on the shooting charge. The judge warned him that the Department of Corrections would likely recommend that he serve the twenty-five years. Finally, the court specifically told Mr. Chester that he would not get total probation in this case. Given the fact that Mr. Chester chose to plead guilty after being so informed by the court, we conclude that the record fails to support a claim of prejudice from the intern's advice. See Gordon, 4 F.3d at 1571.
 
 
 10
 For these same reasons, Mr. Chester's contention that his plea was not voluntary also fails. Mr. Chester relies on his allegation that he was led to believe he would receive probation to support this claim. In light of the judge's explanation before Mr. Chester entered his plea, however, petitioner cannot show that the plea was entered in reliance upon the allegedly faulty prediction of what his sentence would be. See United States v. Williams, 919 F.2d 1451, 1456 (10th Cir.1990) (plea may be involuntary if the defendant relies upon counsel's misrepresentation of the consequences of the plea), cert. denied, 111 S.Ct. 1604 (1991). Mr. Chester clearly understood the consequences of his plea. The essence of his complaint appears to be dissatisfaction with the length of his sentence.[2] That dissatisfaction or disappointment, however, does not provide a legal basis for withdrawing a guilty plea. United States v. Elias, 937 F.2d 1514, 1520 (10th Cir.1991).
 
 
 11
 In addition to the allegation that he received faulty advice concerning his sentence, Mr. Chester also complains that his counsel was ineffective due to the limited amount of time spent conferring with Mr. Chester prior to the plea. As to this claim, Mr. Chester makes no specific allegation as to how counsel's performance was inadequate; he simply contends that the time spent with counsel was so brief that it constituted ineffective assistance. In United States v. Cronic, 466 U.S. 648, 104 S.Ct.2039, 80 L.Ed.2d 657 (1984), the Supreme Court stated that absent some effect of challenged conduct on the reliability of the trial process, the Sixth Amendment's guarantee of effective assistance is generally not implicated. The Court recognized, however, that there are circumstances in which the likelihood of prejudice is so great that the cost of litigating their effect in a particular case is unjustified. Assuming, without holding, that the reasoning of Cronic may be applied to some extent in the context of a guilty plea, we review Mr. Chester's petition to determine if the circumstances are such that they give rise to a presumption of prejudice and thereby relieve him of the burden of demonstrating harm from the alleged ineffectiveness of counsel. In Cronic, the Supreme Court recognized three such circumstances: when there is a complete denial of counsel; when counsel entirely fails to subject the prosecution's case to adversarial testing; and when although counsel is available to assist the accused during the trial, the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate. Cronic, 466 U.S. 659-60.
 
 
 12
 The record reflects that a licensed legal intern for the Public Defender's office, working under the supervision of an attorney,[3] first met with Mr. Chester and explained the charges against him, including the possible penalties, and explained that he had the option of going to trial or pleading guilty. The intern testified that the length of this first conference was approximately forty-five minutes, while Mr. Chester testified that it was no more than fifteen minutes. Mr. Chester met again with the intern several days before the preliminary hearing was scheduled. The two discussed the upcoming preliminary hearing and the intern explained the details of a plea bargain being offered by the prosecution. The intern estimated this conference lasted fifteen to thirty minutes. Tr. at 10. The intern discussed with his supervising attorney both the initial meeting with Mr. Chester and the District Attorney's recommendation with regard to the case. Id. at 16. On the date of the preliminary hearing, Mr. Chester met and talked with the legal intern and an attorney from the Public Defender's office for approximately five to ten minutes. At that time the defendant read and signed a form waiving his right to a preliminary hearing. Id. at 33. At a hearing on Mr. Chester's motion to withdraw his plea, both the intern and Mr. Chester's appointed counsel testified that Mr. Chester asked few, if any, questions and that he appeared to understand the explanations given concerning what was going on. See id. at 11, 25. Prior to the sentencing hearing, Mr. Chester received and read the results of the presentence investigation. At the sentencing hearing, Mr. Chester was represented by a different attorney from the Public Defender's office. Id. at 37. Mr. Chester testified that he had not talked with this second attorney prior to the day he was sentenced. Id. at 37. He did tell the attorney at the time of sentencing and the legal intern assisting him that he believed there were some inaccuracies in the presentence report. Id. at 13, 37.
 
 
 13
 We agree with the district court that the record in this case shows no circumstances that would warrant a presumption of prejudice. The circumstances surrounding the amount of time Mr. Chester spent consulting with counsel do not give rise to a presumption of prejudice. It is clear that Mr. Chester was not subject to a complete denial of counsel; he had counsel representing him at each stage of the proceeding. There is no allegation or indication that counsel at those proceedings was prevented from assisting Mr. Chester in any way. Cf. Cronic, 466 U.S. at 659. Also, the amount of time spent with Mr. Chester by itself does not indicate that counsel abandoned the adversary process and left Mr. Chester without representation. Finally, although it appears that Mr. Chester met with his counsel for a short period of time, we see nothing to indicate that this time was so inadequate under the circumstances as to make it likely that counsel could not have provided Mr. Chester with effective assistance. Cf. Cronic, 466 U.S. at 659-60.
 
 
 14
 II. Double Jeopardy.
 
 
 15
 Mr. Chester next contends that the state court violated his right to be free from double jeopardy. He argues that the offense of carrying a firearm into a liquor establishment is part of the other two offenses for which he was convicted--shooting with intent to kill and feloniously pointing a weapon. This argument fails under the standards set by the Supreme Court for determining whether two or more offenses are the same for purposes of double jeopardy under the U.S. Constitution. As the district court correctly noted, conviction for each of these offenses requires proof of an element not contained in the others. Thus, they cannot be considered the same offense for purposes of double jeopardy under the "Blockburger" test. See United States v. Dixon, 509 U.S. ---, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993) (applying Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed.2d 306 (1932)). We agree with the district court that petitioner's right to be free from double jeopardy was not violated.[4]
 
 
 16
 III. Other Claims.
 
 
 17
 Finally, Mr. Chester contends that the state court should have determined his competence to plead guilty and the factual basis for his plea. We agree with the district court's analysis of these claims and its conclusion that they are without merit.
 
 
 18
 The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.
 
 
 19
 The mandate shall issue forthwith.
 
 
 
 **
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 At the hearing on his motion to withdraw the plea Mr. Chester testified that he felt his attorney had not represented him. When asked why he felt that way Mr. Chester responded: "Because I thought all the time I was going to get probation and I didn't get it." Tr. at 38
 
 
 [3]
 The supervising attorney in this case was at the time in question operating under a temporary license from State of Oklahoma
 
 
 [4]
 The district court also found that Mr. Chester's double jeopardy claim was barred by his guilty plea. See United States v. Broce, 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989). We find it unnecessary to address the preclusive effect of the guilty plea in light of our conclusion above that the offenses are not the same for purposes of double jeopardy