24 F.3d 250
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald Lee HALE, Defendant-Appellant.
 No. 93-16904.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided May 17, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ronald Lee Hale, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 petition. Hale pled guilty to five counts of bank robbery and was sentenced on July 31, 1989 to 87 months imprisonment. He contends the district court erred by denying his claim that United States v. Anderson, 942 F.2d 606 (9th Cir.1991) (en banc), requires modification of his sentence. We have jurisdiction under 28 U.S.C. Sec. 2255. After accepting the district court's factual findings unless clearly erroneous and reviewing its conclusions of law de novo, Doganiere v. United States, 914 F.2d 165, 167 (9th Cir.1990), cert. denied, 499 U.S. 940 (1991), we affirm.
 
 
 3
 At sentencing, Hale unsuccessfully objected to a leadership enhancement. On appeal, we affirmed the enhancement, finding that (1) Hale entered the bank and committed the robbery alone; (2) he was aided solely by a get-away driver, Nedra Breunig; (3) Breunig was easily led and misled; (4) there was no evidence that Breunig planned or organized the bank robbery scheme; and (5) Breunig's principal culpable conduct occurred after the bank robbery. United States v. Hale, No. 89-10407, unpublished memorandum disposition (9th Cir. June 4, 1990). In his section 2255 motion, Hale argues that Anderson requires vacation of his leadership enhancement. We disagree.
 
 
 4
 In Anderson, we (1) held that a leadership enhancement could not be applied unless the offense was committed by more than one criminally culpable person and (2) remanded for a determination of whether Anderson's get-away driver was a criminally culpable person for whom Anderson could receive a leadership enhancement. Anderson, 942 F.2d at 617. Anderson 's facts are unique: counsel for both sides stipulated that the driver did not know that Anderson intended to rob a bank until after Anderson had done so; the driver pled not guilty; and the driver's trial ended with a hung jury. Id. at 607-08. Our remand order expressly stated "we express no view on whether [the driver] was in fact criminally responsible for the commission of the offense." Id. at 617.
 
 
 5
 Hale contends his get-away driver, Nedra Breunig, was not a criminally culpable person as she consistently maintained she had no knowledge of the bank robbery until after Hale returned to the truck with the money. Breunig pled guilty to possession of stolen bank funds. She maintained throughout proceedings that she believed Hale had left the truck to purchase cigarettes, not to rob a bank.
 
 
 6
 The district court denied Hale's section 2255 motion on the grounds that Breunig's criminal culpability is established in her presentence report. Breunig's presentence report indicates that Breunig served as the get-away driver knowing that Hale intended to rob a bank. After reviewing the entire record, we are satisfied that Breunig was criminally culpable. Consequently, Hale's leadership enhancement was not improper. See U.S.S.G. Sec. 3B1.1(c) & nn. 2, 4.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3