29 F.3d 635
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Cyrus GHAZALI, Defendant-Appellant.
 No. 93-16549.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1994.*
Decided June 30, 1994.
 
 Before: TANG, PREGERSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Cyrus Ghazali appeals the district court's denial of his 28 U.S.C. Sec. 2255 motion to vacate, set aside or correct his sentence for eight counts of distribution of cocaine, heroin and opium. Ghazali contends he was denied effective assistance of counsel when his trial counsel failed to adequately prepare for trial and when his counsel testified during the trial. We review de novo the district court's decision to grant or deny a section 2255 motion. Donagiere v. United States, 914 F.2d 165, 167 (9th Cir.1990), cert. denied, 111 S.Ct. 1398 (1991). We have jurisdiction pursuant to 28 U.S.C. Secs. 1291 and 2255 and we affirm.
 
 
 3
 To establish that he has received ineffective assistance of counsel in his criminal conviction, a defendant must show first that his counsel "made errors so serious that counsel was not functioning as the 'counsel' " guaranteed by the Constitution; and second, that counsel's "deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). Although counsel has a duty to make a "reasonable" investigation of law and facts in his client's case, strategic choices made after a thorough investigation are "virtually unchallengeable." Id. at 690-91. Although the advocate-witness rule generally prohibits an attorney from appearing as "both a witness and an advocate in the same litigation," an exception to the rule arises where "the need for the testimony could not have been reasonably anticipated and the evidence is necessary to prevent a miscarriage of justice." United States v. Prantil, 764 F.2d 548, 552-53 n. 2 (9th Cir.1985).
 
 
 4
 Ghazali contends his trial counsel was ineffective by failing to make adequate pretrial investigations, by failing to make objections during the criminal trial, and by taking the stand as a witness. In the evidentiary hearing on Ghazali's Sec. 2255 motion, Ghazali's criminal trial attorney testified that he had interviewed various witnesses, and had prepared a trial strategy and defense. As the district court correctly held, Ghazali's disagreement now with his trial counsel's strategic decisions is not cognizable as a basis for relief. See Strickland, 466 U.S. at 690. Ghazali's criminal trial attorney further testified that he had testified as Ghazali's witness at trial regarding Ghazali's favorable statements of cooperation with authorities. Because the need for the attorney's testimony arose only after Ghazali was impeached by the government, Ghazali's trial attorney could not have reasonably anticipated the need for him to testify. See Prantil, 764 F.2d at 553. Accordingly, the district court did not err in finding that Ghazali's trial attorney's performance was not deficient, and that Ghazali failed to establish that he received ineffective assistance of counsel.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument, Fed.R.App.P. 34(a); 9th Cir.R. 34-4; therefore, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3