46 F.3d 1146
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sonnie DAVIS, III, Defendant-Appellant.
 No. 93-16124.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Jan. 25, 1995.*
Decided: Jan. 30, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sonnie E. Davis III, a federal prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2255 petition. He contends the district court erred by denying his ineffective assistance of counsel claim. We have jurisdiction pursuant to 28 U.S.C. Sec. 2255. After accepting the district court's factual findings unless clearly erroneous and reviewing its conclusions of law de novo, Doganiere v. United States, 914 F.2d 165, 167 (9th Cir. 1990), cert. denied, 499 U.S. 940 (1991), we affirm.
 
 
 3
 In order to demonstrate ineffective assistance of counsel, a section 2255 movant must establish that counsel's performance was deficient and the deficiency prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 4
 In essence, Davis contends that counsel was ineffective due to (a) his failure to investigate the circumstances of Davis's allegedly unlawful detention and (b) his "total failure to raise challenges to [the] improper evidence" stemming from that detention. These contentions lack merit.
 
 
 5
 Contrary to Davis's allegations, the record shows that counsel moved to suppress evidence on numerous grounds, including that Davis's detention was unlawful. Although this ground of the suppression motion was denied by the district court, counsel's failure to prevail on this ground of the suppression motion does not constitute ineffective assistance of counsel. See id. at 689. To the extent that Davis argues that counsel would have prevailed on that aspect of the suppression motion but for counsel's failure to investigate the circumstances concerning the detention, Davis has failed to identify what facts not investigated by counsel would have required suppression of the evidence seized. As Davis has failed to demonstrate that counsel's performance was either deficient or prejudicial, the district court's denial of Davis's ineffective assistance claim was entirely proper. See id. at 687.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3