66 F.3d 336
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Keith KIM, Defendant-Appellant.
 No. 94-56423.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 5, 1995.*
Decided Sept. 14, 1995.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Keith Kim, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion. He contends the district court erred when it denied his motion to vacate his sentence because the district court's drug quantity calculation was based on multiple hearsay. We have jurisdiction pursuant to 28 U.S.C. Sec. 2255. After accepting the district court's factual findings unless clearly erroneous and reviewing its conclusions of law de novo, Doganiere v. United States, 914 F.2d 165, 167 (9th Cir.1990), cert. denied, 499 U.S. 940 (1991), we affirm.
 
 
 3
 At trial, a DEA agent testified that Korean authorities seized 20 kilograms of a total of 20.6 kilograms of methamphetamine secreted in a shipment of lamps headed for the United States. Because this testimony was hearsay, Kim argues in his section 2255 motion that he should have been sentenced based on the 600 grams of methamphetamine actually seized in the United States rather than the 20 kilograms purportedly seized in Korea. The district court rejected Kim's argument on two grounds: (1) Kim should have raised this claim on direct appeal; and (2) "direct testimony supports the larger amounts of drugs used as a basis for his sentence."
 
 
 4
 Because Kim's coconspirator testified at trial to the 20 kilograms, evidence other than the hearsay testimony of the DEA agent supports the drug quantity calculation of the district court. Because we affirm the district court's denial of Kim's section 2255 motion on this basis, we need not reach the other basis of the district court's judgment.
 
 
 5
 Because nonhearsay evidence supports the district court's calculation of drug quantity, we reject any contention that counsel was ineffective for failing to object to the district court's drug quantity calculation on the ground of hearsay. See Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 6
 Finally, we will not consider Fourth Amendment issues on collateral review which Kim could have raised on direct appeal. See United States v. Hearst, 638 F.2d 1190, 1196 (9th Cir.1980), cert. denied, 451 U.S. 938 (1981).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3