70 F.3d 119
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles D. FREIDMAN, aka Charles Dennis Gold, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 95-15541.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 6, 1995.*
Decided Nov. 9, 1995.
 
 Before: GOODWIN, PREGERSON, and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles Dennis Freidman, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion. He contends the district court of Arizona erred when it refused to vacate his consecutive sentence. We have jurisdiction pursuant to 28 U.S.C. Sec. 2255. We accept the district court's factual findings unless clearly erroneous and review its conclusions of law de novo. Doganiere v. United States, 914 F.2d 165, 167 (9th Cir.1990), cert. denied, 499 U.S. 940 (1991). We affirm.
 
 
 3
 On August 18, 1986, the district court of Utah sentenced Freidman to twenty years imprisonment on count one, armed bank robbery, and ten years imprisonment on count two, unlawful use of a weapon during the commission of a felony. The district court of Utah suspended execution of sentence on the second count and ordered five years probation.
 
 
 4
 On February 27, 1987, the district court of Arizona sentenced Freidman to three years for bank robbery. After hearing defense counsel's argument that Freidman's Arizona sentence should run concurrently to his Utah sentence, the district court expressly ordered that its sentence run consecutively to "any sentences which the Defendant is presently serving."
 
 
 5
 The district court of Utah's August 18, 1986 sentence was later vacated and, on October 20, 1987, Freidman was resentenced to seventeen years imprisonment for armed bank robbery.
 
 
 6
 In his section 2255 motion, Freidman insists that he began serving his Arizona sentence at the time the district of Utah's sentence was vacated and therefore that his Arizona sentence cannot be consecutive to the Utah sentence. The district court of Arizona denied the motion, noting that it had always intended a consecutive sentence and that Freidman's motion was unsupported by law. Freidman does not dispute that at the time of his resentencing, the district court of Utah ordered the time served credited against his Utah sentence. Freidman has failed to cite any law supporting his argument that he began serving his Arizona sentence at the time his Utah sentence was vacated. Consequently, we affirm the district court of Arizona's denial of Freidman's motion to vacate his consecutive sentence.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3