Randall C. GAESS, Petitioner— Appellant,

v.

James SCHOMIG, Respondent— Appellee.

No. 06–15270.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 18, 2007.*

Filed Oct. 24, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

John C. Lambrose, Esq., FPDNV—Federal Public Defender's Office, Las Vegas, NV, for Petitioner–Appellant.

Rene L. Hulse, AGNV—Office of the Nevada Attorney General, Las Vegas, NV, for Respondent–Appellee.

Before: ALARCÓN and TALLMAN, Circuit Judges, and DUFFY **, District Judge.

## MEMORANDUM ***

Randall C. Gaess ("Gaess") is a Nevada state prisoner who pled guilty to charges arising from his conduct occurring between January of 1996 and March of 1998, including engaging in sexual acts with a woman in the presence of her young daughter and masturbating in front of that daughter and her younger sister. At the preliminary hearing, the sisters testified against Gaess, who later pled guilty to: (1) Lewdness with a Child Under the Age of Fourteen ("Count I"), Nevada Revised Statute § 201.230; (2) Attempted Lewdness with a Child Under the Age of Fourteen ("Count II"), §§ 201.230 and 193.330; and (3) Indecent Exposure ("Count III"), § 201.220. He was sentenced on February 14, 2000, to four to ten years with an additional eight to twenty years in prison, and the judgment of conviction was entered on February 23, 2000.

Gaess unsuccessfully pursued state habeas corpus relief before the Nevada Supreme Court, and then sought federal habeas relief pursuant to 28 U.S.C. § 2254 alleging ineffective assistance of counsel. The federal district court denied relief by Order entered August 9, 2005. Having timely appealed, Gaess reasserts that his attorney was ineffective by failing to: (1) interview potential alibi witnesses; (2) hire a psychologist to interview the sisters; (3) advise him of the consequences of his plea agreement; and (4) challenge the warrant for his arrest.

We review a district court's denial of a petition for writ of habeas corpus de novo.

Park v. California, 202 F.3d 1146, 1149 (9th Cir.2000).

A state prisoner may obtain federal habeas relief only if the state court's decision was either contrary to, or involved an unreasonable application of, clearly established federal law. Williams v. Taylor, 529 U.S. 362, 404–05, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). To prevail on a claim of ineffective assistance of counsel, the petitioner must show that: (1) his counsel's performance was not objectively reasonable; and (2) but for any prejudicial errors, the results would have been different. Strickland v. Washington, 466 U.S. 668, 691–94, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Judicial scrutiny of counsel's performance must be "highly deferential." Id. at 689, 104 S.Ct. 2052.

■ Gaess argues that his counsel failed to interview Armando Lopez ("Lopez") and several other unnamed alibi witnesses who could attest to him being at a Super Bowl party in 1998. Gaess's counsel did in fact contact Lopez and Gaess fails to show that his counsel made an unreasonable strategic decision not to investigate further. Moreover, Gaess could not have been prejudiced because an alibi for that day—even if it were relevant—would not have exonerated him for the many other days implicated in his guilty plea. This claim is without merit.

■ Gaess's counsel was also not ineffective for failing to have a psychologist examine the sisters, as a defendant's right to confront his accusers is satisfied by the right to cross-examine them. Gilpin v. McCormick, 921 F.2d 928, 932 (9th Cir. 1990) (finding no right under Confrontation Clause to have psychiatric examina-

---

** The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tion of two young sexual assault victims). Also, the Nevada Supreme Court held that Gaess failed to demonstrate a compelling need for a psychological evaluation of the sisters pursuant to *Koerschner v. State*, 116 Nev. 1111, 13 P.3d 451, 455 (2000). We defer to the Nevada Supreme Court's ruling on its own state law. *See Estelle v. McGuire*, 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).

▉ Gaess acknowledged in court that his counsel had thoroughly discussed the consequences of his plea to his satisfaction and that he was not acting under duress or coercion, or by the virtue of any promises of leniency. Also, the Guilty Plea Agreement and the judge both explained the minimum and maximum prison sentences applicable to Gaess's plea, which Gaess acknowledged that he understood. Therefore, Gaess's contention that his plea was not voluntary and intelligent is without merit. *See Doganiere v. United States*, 914 F.2d 165, 168 (9th Cir.1990) (finding no prejudice from counsel's incorrect advice about a sentence where the court correctly explained it).

▉ Because Gaess admitted in court that he was in fact guilty and his guilty plea was sufficiently voluntary and intelligent, Gaess's claim that his counsel failed to challenge the probable cause to support his criminal charge must fail. *See Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973) (stating that once a defendant pleads guilty, he may only attack the voluntary and intelligent character of that plea). Regardless of his guilty plea, however, we still find Gaess's claim to be without merit. The Nevada Court held that, under Nevada law, probable cause to support a criminal charge may be based on "slight, even 'marginal' evidence" to support a reasonable inference

of guilt, and the sisters' testimonies sufficed. Moreover, because the sisters were not anonymous informants, like those in *Illinois v. Gates*, 462 U.S. 213, 217, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), there is no requirement that their testimonies be corroborative with additional evidence. Finally, Gaess was not prejudiced as "[a]n illegal arrest, without more, has never been viewed as a bar to subsequent prosecution, nor as a defense to a valid conviction." *United States v. Crews*, 445 U.S. 463, 474, 100 S.Ct. 1244, 63 L.Ed.2d 537 (1980). Therefore, the Nevada Court's decision was not contrary to or an objectively unreasonable application of clearly established federal law.

**AFFIRMED.**