**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30183 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-00003-HRH |
| v. | |
| JOSEPH DAMON FAIR, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
H. Russel Holland, District Judge, Presiding

Submitted August 11, 2011[**]

Before:    THOMAS, SILVERMAN, and CLIFTON, Circuit Judges.

Joseph Damon Fair appeals from the 60-month sentence imposed following

his guilty-plea conviction for distribution of a controlled substance, in violation of

21 U.S.C. § 841(a)(1), (b)(1)(B), and (b)(1)(C).  We have jurisdiction under 28

U.S.C. § 1291, and we affirm, but remand with instructions.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Fair contends that the Fair Sentencing Act applies retroactively to preclude the mandatory minimum sentence imposed by the district court for his crack cocaine conviction. This argument is foreclosed as Fair's offense conduct and sentencing took place before the law's enactment. *See United States v. Baptist*, No. 09-50315, 2011 WL 2150993 at *2-3 (9th Cir. June 2, 2011) (per curiam).

Fair also contends that the district court failed to comply with Fed. R. Crim. P. 32(i)(3) by not properly ruling on his objection to the inclusion of an alias attributed to him in the presentence investigation report ("PSR"). This argument lacks merit as the record reflects that the district court considered Fair's objection, and resolved the disputed fact against him. *See* Fed. R. Crim. P. 32(i)(3)(B). In any case, the district court's decision did not affect the temporal term of the sentence that it imposed. *See United States v. Saeturn*, 504 F.3d 1175, 1179-80 (9th Cir. 2007).

Finally, Fair contends that the district court violated Fed. R. Crim. P. 32(i)(3) by not providing a written record with respect to its determination of the foregoing issue. Because this court requires strict compliance with Rule 32, we remand to the district court with instructions to forward to the Bureau of Prisons a new PSR with the required findings attached. *See Doganiere v. United States*, 914 F. 2d 165, 169 (9th Cir. 1990) (district court should attach to PSR portions of

sentencing transcript, or written findings or determinations required by Fed. R.

Crim. P. 32, and forward the document to the Bureau of Prisons).

**AFFIRMED and REMANDED with instructions.**

10-30183