**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SOREN DAVIS KORZYBSKI,

Defendant - Appellant.

No. 10-30356

D.C. No. 3:09-cr-00132-BR-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submitted July 10, 2012
Portland, Oregon

Before: GOODWIN, PREGERSON, and CHRISTEN, Circuit Judges.

Defendant-Appellant Soren Davis Korzybski ("Korzybski") was convicted

of one count of bank robbery in violation of 18 U.S.C. § 2113(a) and sentenced to

132 months imprisonment. He appeals his conviction and sentence. We have

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm Korzybski's conviction and sentence. We address his arguments in turn.[1]

**1.** Korzybski argues that the district court erred in denying his motion to suppress the "fruits" of his March 24, 2009 arrest by his probation officer. Specifically, Korzybski contends that his probation officer lacked probable cause to arrest him for failing to comply with a term of his supervised release, and that subsequent custodial statements Korzybski made to an FBI agent as well as evidence seized from his home were the "fruit" of the "unlawful" arrest.

Even if Korzybski's probation officer lacked probable cause to arrest him for a supervised release violation, the evidence Korzybski seeks to suppress is still admissible. At the time Korzybski made the statements at issue, FBI agents had probable cause to arrest Korzybski for bank robbery. *See United States v. Crawford*, 372 F.3d 1048, 1056 (9th Cir. 2004) (en banc) ("[T]he presence of probable cause to arrest has proved dispositive when deciding whether the exclusionary rule applies to evidence or statements obtained after the defendant is placed in custody."). Moreover, the evidence obtained from the search of Korzybski's home is sufficiently attenuated from the arrest by his probation officer

---

[1] Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

so as to dissipate any taint from the arrest. *See Brown v. Illinois*, 422 U.S. 590, 598-99 (1975).

**2.** Korzybski argues, for the first time on appeal, that a bank teller's pre-trial identification of Korzybski as the robber violated Korzybski's right to due process of law. Because Korzybski has not established "cause" and "prejudice" for his failure to raise this issue below, we decline to consider it for the first time on appeal. *See United States v. Atcheson*, 94 F.3d 1237, 1246 (9th Cir. 1996); *Doganiere v. United States*, 914 F.2d 165, 167 (9th Cir. 1990).

**3.** Korzybski's right to due process of law was not violated by Korzybski's probation officer identifying Korzybski as the robber in bank surveillance photos and a surveillance video. To prevail on a due process challenge to a witness's in-court identification, the defendant must establish that, under the "totality of the circumstances," the witness's identification was unreliable. *Neil v. Biggers*, 409 U.S. 188, 199 (1972). Here, there is nothing in the record to suggest that the probation officer's perceptions were unreliable. Further, under our case law Korzybski's probation officer was sufficiently familiar with Korzybski to offer a proper lay opinion on whether the robber depicted in the photos and video was Korzybski. *See United States v. Beck*, 418 F.3d 1008, 1015 (9th Cir. 2005) (holding that testimony by the defendant's probation officer identifying the

3

defendant as the robber in surveillance photos was a proper lay opinion under the Federal Rules of Evidence).

**4.** The district court did not abuse its discretion when it permitted the government to offer evidence of Korzybski's financial circumstances at the time of the robbery. The government's evidence focused on Korzybski's sudden influx of cash shortly after the robbery. This was proper circumstantial evidence of Korzybski's involvement in the robbery. *See United States v. Mitchell*, 172 F.3d 1104, 1108-09 (9th Cir. 1999). Moreover, because the government's evidence regarding Korzybski's financial circumstances focused on Korzybski's sudden influx of cash after the robbery, the district court did not abuse its discretion when it declined to give Korzybski's proposed limiting instruction on this issue. A defendant's proposed jury instruction should be given only when "there is a foundation [for the instruction] in the evidence." *United States v. Tabacca*, 924 F.2d 906, 912 (9th Cir. 1991).

**5.** Korzybski argues that the district court erred when it precluded him from testifying during the trial about his "plans and goals for the future." Because this evidence had minimal probative value on the relevant issues in the case, the district court did not abuse its discretion in excluding this evidence under Federal Rule of Evidence 403. When "evidence is of very slight (if any) probative value, even a

4

modest likelihood of unfair prejudice or a small risk of misleading the jury will justify excluding [the] evidence." *United States v. Espinoza-Baza*, 647 F.3d 1182, 1189 (9th Cir. 2011) (internal marks and quotation marks omitted).

**6.** The district court did not err in finding that Korzybski's prior conviction for residential burglary, in violation of Wash. Rev. Code § 9A.52.025(1), qualified him as a career offender under U.S.S.G. § 4B1.1(a)(3). Under the modified categorical approach, the documents submitted by the government establish that Korzybski's conviction for residential burglary was for the burglary of a "structure designed for occupancy that is intended for use in one place." *United States v. Grisel*, 488 F.3d 844, 848 (9th Cir. 2007) (en banc).

**AFFIRMED.**