**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-35995 |
| Plaintiff - Appellee, | D.C. Nos.    3:11-cv-00053-JWS |
| v. | 3:08-cr-00121-JWS |
| CASSERO LENELL WASHINGTON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
John W. Sedwick, District Judge, Presiding

Submitted September 2, 2014[**]

Before:     Gould, Berzon, and Bea, Circuit Judges.

Federal prisoner Cassero Lenell Washington appeals pro se from the district

court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his

sentence.  We have jurisdiction under 28 U.S.C. § 2253.  We review de novo a

district court's denial of a section 2255 motion, and we review for clear error any

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

factual findings the district court made in deciding the motion. *Doganiere v. United States*, 914 F.2d 165, 167 (9th Cir. 1990). We affirm.

Washington was convicted pursuant to a plea agreement in which the government agreed to dismiss several counts and withdraw a notice of intent to seek enhanced statutory penalties that would have subjected Washington to a 20-year mandatory minimum sentence, and in which Washington waived the right to appeal his conviction or sentence. Washington contends that his trial counsel provided ineffective assistance by failing to file a notice of appeal.

The district court held an evidentiary hearing on Washington's ineffective assistance of counsel claim, concluding that (1) counsel consulted with Washington regarding appealing the ruling on the suppression motion; and (2) although Washington made inquiry regarding the possibility of filing an appeal, Washington did not direct his attorney to file an appeal. *See Roe v. Flores-Ortega*, 528 U.S. 470, 471 (2000). The record as a whole supports these factual conclusions. Moreover, the record reflects that a rational defendant would not have wanted to appeal his conviction under the circumstances, given the appeal waiver, the extreme unlikelihood of success, and the possibly great adverse consequences to Washington were he to succeed in undoing the plea agreement.

Thus, Washington has not shown that his counsel provided deficient performance, and the district court properly denied relief. *See id.* at 470.

**AFFIRMED.**