24 F.3d 247
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Joel Soza MORENO, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 93-16162.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided May 17, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joel Soza Moreno, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion. Moreno pled guilty to possession of cocaine with intent to distribute and conspiracy to commit that offense in violation of 21 U.S.C. Secs. 841(a)(1) and 846. He contends the district court erred by denying his claims that (1) the search and his arrest were unlawful; (2) the government, by failing to timely disclose exculpatory material, violated Brady v. United States, 397 U.S. 742, 755 (1970); (3) the government, by failing to preserve telephonic evidence, violated the Jencks Act; and (4) his counsel was ineffective for failing to apprise him of the facts which rendered his search and arrest unlawful. We have jurisdiction under 28 U.S.C. Sec. 2255. After accepting the district court's factual findings unless clearly erroneous and reviewing its conclusions of law de novo, Doganiere v. United States, 914 F.2d 165, 167 (9th Cir.1990), cert. denied, 499 U.S. 940 (1991), we affirm.
 
 
 3
 A defendant who pleads guilty to a criminal charge may not subsequently seek relief on the basis of pre-plea constitutional violations. Hudson v. Moran, 760 F.2d 1027, 1029-30 (9th Cir.1985). He may, however, attack the voluntary and intelligent character of the plea by demonstrating that the advice he received from counsel did not constitute effective representation. Id.
 
 
 4
 After Moreno entered his plea, he filed a motion for reconsideration, contending his plea was invalid because neither he nor his counsel knew until the time of sentencing that the government conceded that (a) a government agent, before a warrant was obtained, pulled open the window of Moreno's car in order for a police dog to sniff the air inside the vehicle; and (b) the government had lost the recording of the telephonic search warrant request. Moreno claimed he would not have pled guilty had he known of these matters. He filed an affidavit from his attorney supporting these allegations.
 
 
 5
 The district court conducted an evidentiary hearing and determined that (a) Moreno's counsel knew that an officer had pulled open the window of Moreno's car before obtaining a warrant because counsel for Moreno's co-defendant had filed a motion challenging the search on this basis; (b) counsel for Moreno's co-defendant appeared on behalf of both defendants at the in chambers meeting where the problems with the search and the terms of the plea offer were discussed; and (c) counsel for Moreno's co-defendant informed Moreno's counsel that the government offered favorable plea terms because the tape recording of the telephonic search warrant request was lost and there were problems concerning the search.
 
 
 6
 Even if Moreno's counsel failed to inform Moreno of all the problems related to Moreno's search and arrest, Moreno's counsel was not incompetent, given the amount of cocaine involved, for advising Moreno to accept the extremely favorable plea offer rather than hazard a challenge to his search and arrest. See Hill v. Lockhart, 474 U.S. 52, 56 (1985). Accordingly, we affirm the district court's denial of Moreno's ineffective assistance of counsel claim.[1]
 
 
 7
 We affirm the district court's denial of all of Moreno's other claims on the grounds that Moreno waived these claims when he elected to plea guilty. See Hudson, 760 F.2d at 1029-30.[2]
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument and his motion for appointment of counsel are denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On appeal, Moreno also claims that (a) his counsel was ineffective for failing to attend the in chambers meeting; and (b) the district court, by permitting discussion of the case when Moreno's counsel was absent from an in chambers meeting between counsel for the government and counsel for Moreno's co-defendant, violated Rule 11. Because Moreno failed to raise these claims in district court, we decline to consider them on appeal. See United States v. Reyes-Alvarado, 963 F.2d 1184, 1189 (9th Cir.), cert. denied, 113 S.Ct. 258 (1992)
 
 
 [2]
 We deny Moreno's motion to compel government compliance with the district court's pre-plea order requiring disclosure of all Brady and Jencks Act material