UNITED STATES of America, Plaintiff–Appellant,

v.

Kamyar TAGHIZADEH, Defendant–Appellee.

No. 92–50518.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 2, 1993.

Decided March 28, 1994.

Order Granting Rehearing En Banc Sept. 9, 1994.

* The Hon. Donald J. Stohr, United States District Judge for the Eastern District of Missouri, sitting by designation.

**1264**

Submitted Sept. 28, 1994*.

Opinion of March 28, 1994 withdrawn
Nov. 25, 1994.

Decided November 25, 1994.

---

George S. Cardona and Robert T. Scott, Asst. U.S. Attys., Los Angeles, CA, for plaintiff-appellant U.S.

Alan Rubin, Epstein, Adelson, Rubin & Belter, Los Angeles, CA, for defendant-appellee Kamyar Taghizadeh.

* The panel unanimously finds this case suitable for
decision without oral argument. Fed.R.App.P.

Before: WALLACE, Chief Judge, HUG, FLETCHER, D.W. NELSON, BEEZER, HALL, THOMPSON, O'SCANNLAIN, LEAVY, RYMER and KLEINFELD, Circuit Judges.

**FLETCHER, Circuit Judge:**

The Government appeals a district court order suppressing 1487 grams of opium seized by customs officials from a package mailed in Turkey to a post office box in the United States. A panel of this court in an opinion filed March 28, 1994, slip op. 2905, reversed the district court. We have taken the case en banc to reconsider the rationale for the panel's decision. We now withdraw the opinion and substitute this opinion. We too reverse the district court.

**I.**

Customs officials took custody of a package arriving from Turkey at the Los Angeles International Airport. The package was for "Ken Mondal" and was addressed to a post office box in Irvine, California. They opened the package and found 75 sticks of opium, each about six inches long. Customs agents then resealed the package, delivered it to the Irvine post office, and caused a Notice of Delivery to be placed in Taghizadeh's post office box. When Kamyar Taghizadeh picked up the package, law enforcement officials followed him home. Taghizadeh let them come inside to discuss the package, waived his *Miranda* rights, and consented to a search of his home.

To explain his possession of the package addressed to Ken Mondal, Taghizadeh said he was keeping it for a friend by that name who was in Germany. In what must have been an awkward moment for Taghizadeh, the agents showed him "Ken Mondal's" driver's license, which had Taghizadeh's photograph and address on it. Taghizadeh then admitted that Ken Mondal was his alias, that he knew the package contained opium, and that he had sold opium in the past.

34(a); 9th Cir.R. 34-4.

In searching Taghizadeh's home, the agents found a number of incriminating items: not only the opium, but also some opium pipes, $16,500 in cash and an Ohaus scale, the kind often used to weigh drugs.

Based on this physical evidence and Taghizadeh's confession, the agents arrested him. He was indicted for "knowingly and intentionally possess[ing] with intent to distribute" and for "knowingly and intentionally import[ing]" approximately 1487 grams of opium.

In a pretrial hearing, Taghizadeh moved to suppress all evidence from the search, claiming the search violated 19 U.S.C. § 482, which requires customs officials to have "reasonable cause to suspect there is merchandise which was imported contrary to law" before conducting a search (opening the package). Finding the officials had no reasonable cause to suspect the package contained contraband, the district court granted Taghizadeh's motion.

## II.

Although the district court may be entirely right that the evidence should be suppressed were 19 U.S.C. § 482 the applicable statute,[1] we have no occasion to determine that issue as we conclude that the governing statute is 19 U.S.C. § 1582, which authorizes customs searches of packages arriving at the border from a foreign country. The regulations implementing section 1582 authorize the search of *any* package arriving from a foreign country. Section 1582 authorizes the Secretary of the Treasury to "prescribe regulations for the search of persons and baggage," and provides that "all persons coming into the United States from foreign countries shall be liable to detention and search ... under such

regulations." Section 482, on the other hand, provides that "[a]ny of the officers or persons authorized to board or search vessels may ... search any trunk or envelope, wherever found, in which he may have reasonable cause to suspect there is merchandise which was imported contrary to law...." Section 1582 thus deals with customs searches *at the border*, while section 482 deals with searches of items *"wherever found,"* in which agents suspect there is contraband or dutiable goods that "[were]" already imported illegally. Section 1582, with no suspicion requirement, is applicable to searches of incoming international mail—searches which are effectively carried out at the border.[2] In contrast, there is good reason to require, as does section 482, reasonable cause to search packages discovered far from the border. Properly read, the two sections preserve the important distinction between customs searches at the border and other customs searches.

The current regulations governing searches of incoming international mail implement section 1582. 19 C.F.R. § 145.2 (all mail arriving from outside the United States "is subject to customs examination" with no suspicion requirement). *Id.* § 145.3 (letter class mail may be opened and searched only if customs agents "have reasonable cause to suspect the presence of merchandise or contraband").

Our circuit got off on the wrong foot some years ago when we held that 19 C.F.R. § 145.2 implements section 482 rather than section 1582. *DeVries v. Acree,* 565 F.2d 577, 578 (9th Cir.1977).[3] In *DeVries* we reversed a district court decision upholding the action of customs officials in searching, with no reasonable suspicion, incoming international letters, *id.* Judge Kilkenny dissented,

---

**1.** Both the government and defendant relied on § 482 as the controlling statute. The district court recognized that the Fourth Amendment of the Constitution would not preclude the search, but felt itself bound by the more restrictive statute.

**2.** On the other hand, section 482 would authorize a search, for example, where agents received reliable information that illegally imported items were being stored in a warehouse even far removed from the border.

**3.** This decision led to this circuit's line of "reasonable cause to suspect" cases applied to mail arriving from foreign sources. In dicta, we have recently discussed the scope of *DeVries:* "[w]e note that the 'reasonable cause to suspect' language of section 482 applies to searches of trunks as well as envelopes. The rationale of *DeVries* may therefore extend beyond letters to include all items that are mailed or shipped into this country." *United States v. Sandoval Vargas,* 854 F.2d 1132, 1140 n. 18 (9th Cir.1988). We disapprove this dicta.

arguing that the regulations implement not section 482, but rather section 1582, and thus that the customs officers needed no reasonable cause to open the mail at issue. *Id.* at 579. Seventeen years later, we now vindicate Judge Kilkenny's position. After *DeVries*, however, 19 C.F.R. § 145.3 was adopted. Arguably the result in *DeVries* would be the same today, given the language of section 145.3 and what appears to be the extra level of protection provided for letters under that regulation. We do not decide this question because the mail in this case is clearly a package, not a letter.

 Other circuits have uniformly held that customs officials have unlimited discretion to search incoming international packages.[4] *United States v. Glasser,* 750 F.2d 1197, 1200–05 (3d Cir.1984), *cert. denied,* 471 U.S. 1018, 105 S.Ct. 2025, 85 L.Ed.2d 306 (1985); *United States v. Pringle,* 576 F.2d 1114, 1116 (5th Cir.1978); *United States v. Emery,* 541 F.2d 887, 889 (1st Cir.1976); *United States v. Odland,* 502 F.2d 148, 150 (7th Cir.), *cert. denied,* 419 U.S. 1088, 95 S.Ct. 679, 42 L.Ed.2d 680 (1974). Uniformly, all circuits other than our own that have addressed the issue hold that the applicable statute is section 1582 not section 482. Because section 1582 contains no reasonable cause requirement, the other circuits have held that it authorizes customs agents to search incoming international mail at will, as long as they follow the applicable regulations.

We conclude today that these other circuits are correct. Section 1582 confers broad discretion to search persons, baggage, and mail coming into the United States, and directs the Secretary to promulgate regulations—such as 19 C.F.R. § 145.2, designed to guide that discretion. Section 482, on the other hand, authorizes inspectors to search trunks and envelopes, "wherever found," provided there is reasonable cause to suspect they may contain "merchandise which was imported contrary to law." 19 U.S.C. § 482. It thus applies not to searches of arriving

baggage or mail, but rather to baggage or mail or other items which have already "arrived" but which are suspected of having been imported contrary to law. *Glasser,* 750 F.2d at 1204; *DeVries,* 565 F.2d at 580–81 (Kilkenny, J., dissenting) ("the general border search statute is 19 U.S.C. § 1581 and ... 19 U.S.C. § 482 is a more specialized statutory provision designed to combat smuggled goods *already introduced into the United States* ") (emphasis added).

To the extent *DeVries v. Acree,* 565 F.2d 577 (9th Cir.1977) and its progeny are inconsistent with this opinion, they are overruled. We remand this case to the district court for further proceedings consistent with this opinion.

REVERSED and REMANDED.

---

4. Some circuits have held the same with regard to letters. *United States v. Milroy,* 538 F.2d 1033, 1036–37 (4th Cir.), *cert. denied,* 426 U.S. 924, 96 S.Ct. 2633, 49 L.Ed.2d 378 (1976); *United States v. King,* 517 F.2d 350, 352–53 (5th Cir.1975), *cert. denied,* 446 U.S. 966, 100 S.Ct.

2943, 64 L.Ed.2d 825 (1980); *United States v. Bolin,* 514 F.2d 554, 557 (7th Cir.1975). We have no occasion to address this issue. We note, however, that these cases were decided before 19 C.F.R. § 145.3 was adopted.