50 F.3d 18
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Paul THAVAJ, Defendant-Appellant.
 No. 94-55746.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 21, 1995.*
Decided March 23, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Paul Thavaj, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion. He contends the district court erred when, without conducting an evidentiary hearing, it denied his claims that his right to effective assistance of counsel and his Miranda rights were violated. We have jurisdiction pursuant to 28 U.S.C. Sec. 2255, and we affirm.
 
 
 3
 Ordinarily, we accept the district court's factual findings unless clearly erroneous and review its conclusions of law de novo. Doganiere v. United States, 914 F.2d 165, 167 (9th Cir.1990), cert. denied, 499 U.S. 940 (1991).
 
 
 4
 In this case, however, Thavaj claims that his Miranda waiver was obtained by coercion, an argument which counsel made in the motion to suppress. This claim was already reviewed and rejected on direct appeal. Absent a showing of clear error which would result in manifest injustice, that holding is the law of the case. See Moore v. Jas. H. Matthews & Co., 682 F.2d 830, 833 (9th Cir.1982). Thavaj has made no showing of clear error.
 
 
 5
 Thavaj contends counsel was ineffective for failing to challenge the initial search of the package on the grounds that customs agents lacked reasonable cause under 19 U.S.C. Sec. 482 to suspect that the package contained contraband. Any such argument is meritless given this court's recent decision in United States v. Taghizadeh, 41 F.3d 1263, 1264-66 (9th Cir.1994) (en banc).[1] Because Thavaj's allegations of ineffective assistance can be rejected on this record as a matter of law, no evidentiary hearing is necessary to resolve this claim. See 28 U.S.C. Sec. 2255; see also United States v. Moore, 921 F.2d 207, 211 (9th Cir.1990).
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Even if counsel should have made that argument under the law then-prevailing in this circuit, see United States v. Sandoval Vargas, 854 F.2d 1132, 1140 (9th Cir.) (19 U.S.C. Sec. 482 imposes a reasonable suspicion requirement in mail search cases), cert. denied, 488 U.S. 912 (1988), the district court concluded that the argument would not have prevailed because reasonable cause existed to suspect that the package contained contraband. Even were we to conclude that a reasonable cause showing had never been made, Thavaj would in no event be entitled to the benefit of a rule which then prevailed but has since been held to be erroneous. See Lockhart v. Fretwell, 113 S.Ct. 838, 843-44 (1993)
 
 
 [2]
 In his reply brief on appeal, Thavaj contends he should not have been sentenced as co-conspirator because he was a "mere mule" and he was unaware of the overall criminal plan. Because Thavaj failed to raise this argument in his section 2255 motion in district court, we decline to address it on appeal. See United States v. Keller, 902 F.2d 1391, 1395 (9th Cir.1990)