51 F.3d 283
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Patricio Dela Cruz FLORES, aka "Patrick," Defendant-Appellant.
 No. 93-10075.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 13, 1993.
Submission deferred June 3, 1994.
Resubmitted March 28, 1995.
Decided March 30, 1995.
 
 1
 Before: LAY,* HALL and THOMPSON Circuit Judges.
 
 
 2
 MEMORANDUM**
 
 
 3
 Patricio Dela Cruz Flores appeals his conviction for importing and attempting to possess with intent to distribute over 100 grams of methamphetamine in violation of 21 U.S.C. Secs. 846, 952 and 960. He challenges the district court's denial of his motion to suppress physical evidence as well as a number of evidentiary rulings. We affirm.
 
 
 4
 * Flores challenges the district court's denial of his motion to suppress drug evidence. He contends that United States customs inspector Alshouse violated 19 U.S.C. Sec. 482 when he opened a UPS package from the Philippines containing two hollow desk nameplates in which crystal methamphetamine was hidden. Section 482 requires customs officials to have "reasonable cause to suspect there is merchandise which was imported contrary to law" before conducting a search. Based on a recent en banc decision of this court, we conclude that Flores' reliance on section 482 is misplaced.
 
 
 5
 In United States v. Taghizadeh, 41 F.3d 1263, 1266 (9th Cir.1994) (en banc), we held that under 19 U.S.C. Sec. 1582, customs officials may conduct border searches of incoming international mail packages, without reasonable cause to suspect that they contain contraband. We reasoned that no reasonable cause is required because 19 C.F.R. Sec. 145.2, which provides that all mail arriving from outside the United States "is subject to customs examination," and which contains no suspicion requirement, implements section 1582 rather than section 482. Id. at 1265-66. Under section 1582, Inspector Alshouse was entitled to open the package without a reasonable suspicion that it contained contraband.
 
 
 6
 Flores contends that even if "reasonable suspicion" was not required before opening the package, a customs official must nonetheless have reasonable cause before he performs a more intrusive examination of the contents of a package. Specifically, Flores challenges the fact that Inspector Alshouse took X-rays and drilled holes in the hollow nameplates to determine whether the contained drugs.
 
 
 7
 Inspector Alshouse selected this package for examination because it was sent from one individual to another individual while most packages shipped via UPS are sent for commercial purposes. Furthermore, the package was arriving from the Philippines and this inspector had made two prior seizures of packages coming from that country that contained drugs. The nameplates found within the package were seemingly made from a solid piece of wood and yet they each had a glued-on wooden base. These "specific articulable facts, together with rational inferences from those facts, ... reasonably warrant suspicion that the [nameplates] contain[ed] illegal material." United States v. Most, 789 F.2d 1411, 1415 (9th Cir.1986). Thus, assuming that reasonable suspicion was required to subject the nameplates to X-rays, Inspector Alshouse had such reasonable cause to suspect that the nameplates contained contraband. The X-rays then revealed a cavity within one of the nameplates, justifying the more intrusive technique of drilling a hole into the base of the nameplate. The X-ray and drilling occurred promptly after inspection of the package and did not delay delivery of the package. The district court properly denied Flores' motion to suppress.
 
 II
 
 8
 At Flores's trial, an agent of the Drug Enforcement Administration (DEA) testified on behalf of the government as an expert on drug distribution. The agent described the paraphernalia found in Flores's residence and in the car he was driving, the quantity of methamphetamine recovered, and Flores's cellular phone records and concluded that these items were consistent with the distribution of crystal methamphetamine.
 
 
 9
 Flores claims that the district court abused its discretion by allowing this expert to testify. He contends that the agent's testimony was not an appropriate subject matter for expert testimony and that the district court allowed the agent to testify in a manner that "necessarily improperly addressed Flores' mental state."
 
 
 10
 We have allowed an expert to state his opinion that the defendant's access to a large quantity of cocaine indicated the defendant was "involved in the distribution of ... cocaine." United States v. Kinsey, 843 F.2d 383, 387, 389 (9th Cir.1988). This case presents a more compelling instance for the use of an expert because the indictment charged Flores with narcotics offenses arising from the importation and distribution of crystal methamphetamine, a controlled substance with which lay individuals have less familiarity. Accordingly, we conclude the district court did not abuse its discretion in allowing the agent's testimony.
 
 III
 
 11
 Flores also argues that the government improperly vouched for the credibility of a government witness. In each case cited by Flores, the vouching occurred during the prosecution's closing argument, see United States v. Molina, 934 F.2d 1440, 1442 (9th Cir.1991); United States v. Roberts, 618 F.2d 530, 532-33 (9th Cir.1980), cert. denied, 452 U.S. 942 (1981), whereas Flores contends that vouching occurred during the government's voir dire and cross-examination of the DEA agent who testified as its expert on drug distribution. Moreover, the questions Flores challenges did not attempt to "plac[e] the prestige of the government behind the witness[ ] through personal assurances of [his] veracity or suggest[ ] that information not presented to the jury supports the witness['s] testimony." Molina, 934 F.2d at 1445. We conclude no improper vouching occurred and thus the district court did not err in allowing this testimony.
 
 IV
 
 12
 Finally, Flores argues that the district court erred in admitting testimony regarding six bullets found in the trunk of the vehicle Flores was driving when he was arrested. Flores maintains that because the authorities could not link him with a gun, the prejudicial effect of this testimony outweighed its probative value.
 
 
 13
 We require the government to link evidence of weapons to the crime charged through a proper factual foundation precisely because such evidence is extremely prejudicial. United States v. Green, 648 F.2d 587, 595 (9th Cir.1981). But when the government lays such a foundation we have upheld the admission of firearms evidence in drug distribution cases. See United States v. Savinovich, 845 F.2d 834, 837 (9th Cir.), cert. denied, 488 U.S. 943 (1988) (relationship between guns and drug transactions warrants reasonable inference that armed possessor of drugs "has something more in mind than mere personal use.").
 
 
 14
 Here, the bullets were plausibly linked with Flores and with his alleged crime of distributing drugs. They were found in the trunk of a vehicle Flores was driving at the time of his arrest and had been driving for the two weeks preceding his arrest. A search of the vehicle also uncovered drug paraphernalia, a stun gun, a digital pager and a cellular telephone. During the evidentiary hearing on the motion in limine, Flores had ample opportunity to show that the bullets did not belong to him and to emphasize that no gun was ever recovered. Accordingly, we conclude that the district court did not abuse its discretion.
 
 
 15
 The decisions of the district court are AFFIRMED.
 
 ORDER
 
 16
 This case is resubmitted for decision as of March 28, 1995.
 
 
 
 *
 The Honorable Donald P. Lay, Senior Circuit Judge for the United States Court of Appeals for the Eighth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3