77 F.3d 490
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kourosh AKHAVAN, Defendant-Appellant.
 No. 95-50035.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1996.*
Decided Feb. 12, 1996.
 
 Before: POOLE, WIGGINS and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Defendant Kourosh Akhavan appeals his conviction for possessing with an intent to distribute and importing opium in violation of 21 U.S.C. §§ 841(a)(1) and § 952(a) respectively. He challenges the district court's denial of his motion to suppress drug evidence and his motion for a new trial. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 I.
 
 3
 In his suppression motion, Akhavan contends that a United States custom inspector violated 19 U.S.C. § 482 when he opened two UPS packages from Turkey which contained opium, one of which was later delivered to Akhavan. Section 482 requires customs officials to have "reasonable cause to suspect there is merchandise which was imported contrary to law" before conducting a search. The district court found that the inspector had reasonable suspicion to search.
 
 
 4
 We review de novo. United States v. Gomez-Osorio, 957 F.2d 636, 639 (9th Cir.1992).
 
 
 5
 The district court's and Akhavan's reliance on § 482 is misplaced. Searches of international mail are governed by 19 U.S.C. § 1582 and its implementing regulations, which allow customs officials to conduct border searches of all incoming mail packages without reasonable cause to suspect that they contain contraband. United States v. Taghizadeh[1], 41 F.3d 1263, 1266 (9th Cir.1994) (en banc). Akhavan contends that Taghizadeh was wrongly decided. We disagree, and furthermore this panel is bound by the en banc ruling. Because the custom inspector did not need reasonable suspicion, the search was proper. We thus affirm the district court's denial of Akhavan's motion to suppress the evidence.
 
 II.
 
 6
 Akhavan also contends that the district court improperly denied his motion for a new trial. We review the denial of a motion for new trial for abuse of discretion. United States v. George, 56 F.3d 1078, 1083 (9th Cir.), cert. denied, 116 S.Ct. 351 (1995).
 
 
 7
 At the end of the trial, Akhavan moved under Federal Rule of Criminal Procedure 33 for a new trial based on newly discovered evidence that he was under the influence of medication when giving handwriting samples. In an attempt to prove that the handwriting on the UPS package was Akhavan's, the government asked him to give several handwriting exemplars. The government accused Akhavan of trying to disguise his handwriting, presenting evidence that Akhavan wrote the exemplars in a extremely slow and deliberate manner. After trial, Akhavan presented evidence from a psychiatrist that the medication interfered with Akhavan's cognitive activity, thus making it impossible for him to intentionally disguise his handwriting. Akhavan claims that he did not realize the medication's effect on him until the psychiatrist described the symptoms.
 
 
 8
 To obtain a new trial on a Rule 33 motion, the defendant must show that (1) the evidence is newly discovered, (2) the failure to discover the evidence sooner was not the result of a lack of diligence, (3) the evidence is material to the issue at trial, (4) the evidence is neither cumulative nor merely impeaching, and (5) the evidence indicates that a new trial would probably result in acquittal. United States v. Kulczyk, 931 F.2d 542, 548 (9th Cir.1991).
 
 
 9
 Applying this test, the district court found that Akhavan had not met his burden of showing lack of knowledge of the new evidence, diligence and prejudice. The district court noted, "[t]here would not have been a different result at trial. [The jurors] would have to have disbelieved all the other witnesses. And the evidence that you have introduced does not necessarily discredit the other witnesses that have testified. They were very well cross examined." (ER 32) After reviewing the record, we conclude that the district judge applied the correct legal standard and her findings were reasonable. Thus, we hold that there was no abuse of discretion.
 
 
 10
 Appellant further contends that United States v. Young, 17 F.3d 1201 (9th Cir.1994) establishes a "fundamental fairness" standard for granting a new trial which differs from Rule 33. We disagree. Rule 33 permits a new trial "if required in the interest of justice." Fed.R.Crim.P. 33. This standard does not differ from the "fundamental fairness" language used in Young. Furthermore, Young did not adopt a new standard. Rather, following Rule 33, the Young court held, "Given the weakness of the case against Young and the prejudicial nature of the false evidence, a new trial is 'required in the interest of justice.' " Young, 17 F.3d at 1205. Thus, we affirm the district court's denial of Akhavan's motion for a new trial.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The law of this circuit at the time of the district court's ruling applied § 482 to seraches of international mail. This precedent was overruled, however, by the en banc decision in Taghizadeh