53 F.3d 340
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
John CAMACHO, Jr., Defendant-Appellant.
 No. 94-16488.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 19, 1995.*
Decided April 26, 1995.
 
 Before: BROWNING, SNEED and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Camacho is serving a 97-month sentence following a guilty plea on two counts of possession of cocaine with intent to distribute. He appeals from the district court's denial of his 28 U.S.C. Sec. 2255 motion to vacate, set aside, or correct his sentence. We have jurisdiction under 28 U.S.C Sec. 1291. We affirm.
 
 A. Ineffective Assistance of Counsel
 
 3
 Camacho contends that he suffered ineffective assistance of counsel because: (1) he was not allowed to testify at the sentencing hearing; and (2) his attorney inaccurately predicted his sentence.
 
 
 4
 Challenges to guilty pleas based on claims of ineffective assistance of counsel are reviewed using the two-part test announced in Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, Camacho must show that his counsel's performance was deficient and that this deficiency prejudiced him. Id.; see also Doganiere v. United States, 914 F.2d 165, 167 (9th Cir.1990), cert. denied, 499 U.S. 940 (1991).
 
 1. Failure to Testify
 
 5
 At the sentencing hearing, a DEA agent testified that Camacho told him shortly after his arrest that he had been purchasing a kilogram of cocaine per month during the year preceding his arrest. Based upon the agent's testimony, the district court sentenced Camacho at offense level 30. Camacho argues that his counsel's representation was deficient because he was not permitted to take the stand to rebut the agent's testimony.
 
 
 6
 The record belies Camacho's contention that he did not voluntarily waive his right to testify at the sentencing hearing. Following the agent's testimony, defense counsel requested a short recess. The request was granted. After the recess, Camacho's defense counsel stated, "after conferring with my client, we've decided not to put on any evidence." Later, when addressing the court, Camacho did not correct his counsel's characterization of the decision as mutual, nor did he express a desire to testify.
 
 2. Alleged Erroneous Sentence Prediction
 
 7
 Camacho claims that his attorney promised him that he would receive a maximum sentence of 63 months in custody if he pleaded guilty. He further alleges that his counsel failed to explain that relevant conduct would be considered in determining his sentence.
 
 
 8
 An inaccurate sentence prediction by defense counsel does not rise to the level of ineffective assistance of counsel unless the error amounted to a gross mischaracterization of the likely outcome. Doganiere, 914 F.2d at 168. Camacho received a sentence of 97 months incarceration, 34 months more than he claims his attorney predicted. Even accepting Camacho's allegations as true, his attorney's inaccurate prediction did not amount to a gross mischaracterization. Id. (three-year discrepancy between sentence imposed following guilty plea and sentence predicted by counsel not gross mischaracterization).
 
 
 9
 Contrary to Camacho's assertions, the record further demonstrates that he was aware of the potential impact of his post-arrest statements on his sentence. Prior to entering his plea, Camacho moved to suppress his post-arrest statements concerning the quantity of cocaine he trafficked during the year preceding his arrest. The motion was denied. Camacho then entered a conditional plea agreement that permitted him to appeal the court's denial of the suppression motion. Moreover, the sentencing hearing began with an extended debate about whether the post-arrest statements could be used in calculating the sentence. Despite the focus on his post-arrest statements, at no time during the plea hearing or the sentencing hearing--which included a personal statement to the court--did Camacho suggest that he did not understand their significance. Nor did Camacho indicate that he had entered a guilty plea under any misapprehensions.
 
 B. Alleged Conflict of Interest
 
 10
 Camacho claims that his counsel had a conflict of interest because his wife was an Assistant United States Attorney. The government responds that Camacho's counsel's wife was an Assistant Federal Public Defender, not an AUSA. Because Camacho did not raise the issue before the district court, we will not address it on appeal. United States v. Johnson, 988 F.2d 941, 945 (9th Cir.1993).
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3