86 F.3d 1164
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mario OLACHEA-JIMENES, Defendant-Appellant.
 No. 95-55132.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 20, 1996.*
Decided May 29, 1996.
 
 Before: BROWNING, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Mario Olachea-Jimenes appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate and set aside his guilty plea conviction and sentence for conspiracy to possess heroin with intent to distribute in violation of 21 U.S.C. §§ 846, 841(a)(1). Olachea-Jimenes contends the district court erred by finding without an evidentiary hearing that he received effective assistance of counsel and that his guilty plea was knowing and voluntary. We have jurisdiction under 28 U.S.C. §§ 1291, 2255, and we affirm.
 
 
 3
 We review de novo the denial of a section 2255 motion, and for an abuse of discretion the denial of an evidentiary hearing. See Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994). "We review for clear error any factual findings the district court made in deciding a section 2255 motion." United States v. Mett, 65 F.3d 1531, 1534 (9th Cir.1995) (quotation omitted).
 
 A. Ineffective Assistance of Counsel
 
 4
 In order to prevail on an ineffective assistance of counsel claim, a defendant must show deficient performance by counsel and prejudice to the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); United States v. Swanson, 943 F.2d 1070, 1073 (9th Cir.1991). In the context of guilty pleas, "to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); see also United States v. Keller, 902 F.2d 1391, 1394 (9th Cir.1990).
 
 
 5
 Olachea-Jimenes contends that counsel was ineffective because he advised Olachea-Jimenes to plead guilty before the government complied with his motion to disclose the identities of the confidential informants. Olachea-Jimenes argues that this was prejudicial because the information obtained would have led to an "outrageous government conduct claim." See United States v. Montoya, 45 F.3d 1286, 1299-1300 (9th Cir.), cert. denied, 116 S.Ct. 69 (1995). Olachea-Jimenes relies on our previous decision in United States v. Solorio, 37 F.3d 454 (9th Cir.1994), withdrawn, 43 F.3d 1334 (1995), and superseded, 53 F.3d 341 (1995), where we state that a fee arrangement for an informant which hinges payment upon conviction violates due process by creating improper incentives to the informant to be dishonest in testimony.
 
 
 6
 Solorio was withdrawn and replaced with an unpublished memorandum disposition. Even were the Solorio opinion good law, its reasoning would be inapplicable to Olachea-Jimenes. Contrary to Olachea-Jimenes's characterization, compensation based on the amount of contraband involved does not amount to an improper "contingency fee arrangement."
 
 
 7
 Moreover, to prevail on an outrageous government conduct claim, Olachea-Jimenes would have to show that the government conduct was "so grossly shocking and so outrageous as to violate the universal sense of justice." United States v. McClellan, 72 F.3d 717, 721 (9th Cir.1995) (quotation omitted), cert. denied, 116 S.Ct. 1446 (1996); Greene v. United States, 454 F.2d 783 (9th Cir.1971). Olachea-Jimenes's allegations regarding the involvement of the government informants does not reach this level. See McClellan, 72 F.3d at 721. In addition, the district court's finding that Olachea-Jimenes's counsel investigated the facts and circumstances of his case is not clearly erroneous. See Mett, 65 F.3d at 1534. Thus, Olachea-Jimenes has failed to show that counsel's performance was deficient. See Swanson, 943 F.2d at 1073. Accordingly, the district court did not err by denying this claim without conducting an evidentiary hearing because the record conclusively shows that Olachea-Jimenes is entitled to no relief. See Doganiere v. United States, 914 F.2d 165, 168 (9th Cir.1990), cert. denied, 499 U.S. 940 (1991); Shah v. United States, 878 F.2d 1156, 1158 (9th Cir.), cert. denied, 493 U.S. 869 (1989).
 
 B. Guilty Plea
 
 8
 Olachea-Jimenes contends that his guilty plea was involuntary because he did not possess sufficient knowledge of the circumstances surrounding the arrest and deportation of Antonio Motolese, one of the government's confidential informants. Olachea-Jimenes contends that his lack of knowledge was due to the government's failure to disclose exculpatory information under Brady v. Maryland, 373 U.S. 83 (1963). This contention lacks merit.
 
 
 9
 A guilty plea must be knowing and voluntary, rather than the result of threats, misrepresentations, or improper promises. Sanchez v. United States, 50 F.3d 1448, 1454 (9th Cir.1995). The government is required to turn over material information which exculpates the defendant. Id. In the context of a guilty plea, evidence is material if "there is a reasonable probability that but for the failure to disclose the Brady material, the defendant would have refused to plead and would have gone to trial." Id. "[T]he test for whether the defendant would have chosen to go to trial is an objective one that centers on the likely persuasiveness of the withheld information." Id. (quotation omitted).
 
 
 10
 Olachea-Jimenes contends that if he had known that Motolese was an informant and had known the circumstances surrounding his arrest and deportation, he would have gone to trial and asserted defenses of outrageous government conduct and entrapment. As previously discussed, the outrageous government conduct claim is not viable. See McClellan, 72 F.2d at 721. In addition, an entrapment defense almost certainly would fail. See Sanchez, 50 F.3d at 1454. Olachea-Jimenes would have to show both government inducement to commit the crime and lack of predisposition to commit the crime. See id. Olachea-Jimenes's history as a drug trafficker and the absence of any evidence that he was reluctant to engage in the transaction makes an entrapment defense objectively implausible because Olachea-Jimenes could not show lack of predisposition. See id. Thus, under the objective standard, Motolese's status as an informant was not material to the decision whether to plead guilty.[1] See id.
 
 
 11
 Olachea-Jimenes also contends that the district court improperly relied on counsel's affidavit in rejecting his claim that his guilty plea was involuntary. This contention lacks merit because it was the Petitioner himself that submitted the affidavit.[2]
 
 AFFIRMED.[3]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We decline to consider Olachea-Jimenes's claim, raised for the first time on appeal, that counsel was ineffective by failing to uncover the "Motolese problem" because it would have resulted in "a more substantial plea bargain." See United States v. Reyes-Alvarado, 963 F.2d 1184, 1189 (9th Cir.), cert. denied, 506 U.S. 809 (1992)
 
 
 [2]
 We decline to consider Olachea-Jimenes's claim, raised for the first time in his reply brief, that the district court failed to comply with Fed.R.Crim.P. 11(e)(2). See Eckert v. Tansy, 936 F.2d 444, 450 n. 5 (9th Cir.1991) (declining to consider issues not raised in habeas petition to the district court)
 
 
 [3]
 Because we affirm the denial of Olachea-Jimenes's motion under the former version of 28 U.S.C. § 2255, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal