91 F.3d 155
 78 A.F.T.R.2d 96-5295
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Clifford Dennis CHRISTIE, Defendant-Appellant.
 No. 95-35654.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 25, 1996.*
Decided June 28, 1996.
 
 Before: NOONAN, LEAVY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Clifford D. Christie appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate his conviction for federal tax evasion and bank fraud. Christie contends the district court erred by concluding without an evidentiary hearing that he received effective assistance of counsel. We have jurisdiction under 28 U.S.C. § 1291, 2255, and we affirm.
 
 
 3
 We review de novo the denial of a section 2255 motion, and for an abuse of discretion the denial of an evidentiary hearing. See Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994). "We review for clear error any factual findings the district court made in deciding a section 2255 motion." United States v. Mett, 65 F.3d 1531, 1534 (9th Cir.1995) (quotation omitted).
 
 
 4
 An evidentiary hearing is required if a defendant's allegations are based on facts outside the record, unless the motion, files, and record conclusively show that the petitioner is entitled to no relief. Doganiere v. United States, 914 F.2d 165, 168 (9th Cir.1990), cert. denied, 499 U.S. 940 (1991); Shah v. United States, 878 F.2d 1156, 1158 (9th Cir.), cert. denied, 493 U.S. 869 (1989).
 
 
 5
 In order to prevail on an ineffective assistance of counsel claim, a defendant must show deficient performance by counsel and prejudice to the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); United States v. Swanson, 943 F.2d 1070, 1073 (9th Cir.1991). Prejudice is shown where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. 692.
 
 
 6
 Christie contends that counsel was ineffective because counsel did not adequately prepare for trial because he failed to (1) provide the defense expert with sufficient time to review documents, (2) present the testimony of a material witness, and (3) obtain subpoenaed records prior to trial.
 
 
 7
 We need not consider counsel's performance because the record shows that Christie has failed to show prejudice to the defense. See Strickland, 466 U.S. at 689. Thus, we agree with the district court that Christie was not entitled to an evidentiary hearing. See Doganiere, 914 F.2d at 168.
 
 
 8
 First, the fact that the defense expert would have testified that the corporate employee withholding totals from the general ledger equalled the federal tax withholding reports does not establish prejudice. Christie's individual payroll entries in the corporate ledgers revealed that nothing was withheld from his salary and Christie had admitted in a prior proceeding that taxes were not withheld from his salary. Thus, Christie has failed to show prejudice to the defense. See Swanson, 943 F.2d at 1073.
 
 
 9
 Second, Christie has failed to show that there is a reasonable probability that he would have been acquitted had the defense presented the testimony of Jeannie Collins. At best, Ms. Collins' statements reveal that there may have been computerized back-up copies of the general ledger and tax returns in a computer. Christie has failed to demonstrate how this information would have affected the outcome of his trial. See id.
 
 
 10
 Finally, as we held on direct appeal, the evidence that "Christie may not have been the only one at Coaxco who charged personal expenses to the company ... could hardly overcome the extensive evidence showing that, for more than two years, Christie had repeatedly siphoned funds for personal use, doctored company books in order to avoid having to repay any of the money to Coaxco, and then failed to report any of these transactions to the IRS." United States v. Christie, No. 93-30177 (9th Cir. Nov. 25, 1994). Although, as Christie argues, this information could have been used to impeach prosecution witnesses who testified that they did not use the company credit cards, Christie has failed to show that there is a reasonable probability that this information would have affected the outcome of his trial. See Swanson, 943 F.2d at 1073.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3